UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENNETH HATLEN, | ) | 3:12-cv-00534-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | July 26, 2013 |
| | ) | |
| GREG COX, *et al.,* | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden       REPORTER:                FTR

COUNSEL FOR PLAINTIFF:   Kenneth Hatlen, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Micheline Fairbank

**MINUTES OF PROCEEDINGS: Motion Hearing**

11:04 a.m. Court convenes.

**I.      Discussion Re: Supplemental Acceptance of Service (Dkt. #70)**

The Court is in receipt of Defendants' Notice Supplemental Acceptance of Service (Dkt. #70) and Plaintiff's Response to Court's Request of New Information to 'Unaccepted Service of Def by Atty General' (Dkt. #72). The Court suggests that Ms. Fairbank and Mr. Hatlen have a conference to identify those persons on whose behalf the Attorney General's Office has or has not accepted service. The Court further suggests that Ms. Fairbank have this conference prior to the Defendants' August 5, 2013 deadline to file an Answer.

**II.     Plaintiff's Oral Request to Amend Screening Order**

Mr. Hatlen expresses concern regarding the Screening Order (Dkt. #44) and requests that the Court reconsider its decision regarding dismissal of certain claims and named Defendants in this action.

The Court advises the Plaintiff that the Screening Order was signed by District Judge Hicks and that the Magistrate Judge assigned to the case does not have the authority to amend or alter the Screening Order. The Court suggests that, if Plaintiff seeks to have any decision altered or amended, he submit a written motion to the Court.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 26, 2013
Page 2

### III. Motion for Leave to Conduct Limited Discovery (Dkt. #69)

Ms. Fairbank explains that, in this particular matter, given the voluminous nature of Mr. Hatlen's grievances, along with the seventeen (17) pending causes of actions with an excess of fifty (50) Defendants, the purpose of Defendants' Motion for Leave to Conduct Limited Discovery is to narrow the scope of this litigation.  Ms. Fairbank further states that under, Fed. R. Civ. P. 26(b)(1), parties are permitted to engage in discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

The Court questions whether Mr. Hatlen had responded to Defendants' Motion for Leave to Conduct Limited Discovery (Dkt. #69).  Mr. Hatlen states he did; however, his documents were returned to him (see Dkt. #73).  The Court reviews Dkt. #73-1 and concludes that the Minutes of the Court (Dkt. #73) was improperly generated by the Clerk's Office.  It appears Mr. Hatlen was responding to Defendants' Motion for Leave to Conduct Limited Discovery and was not attempting to file unauthorized discovery documents.  Therefore, Plaintiff's document, which is attached to Dkt. #73 as Dkt. #73-1, shall be detached and filed as a Response to Defendants' Motion for Leave to Conduct Limited Discovery (Dkt. #69).

The Court returns to the discussion regarding Defendants' Motion for Leave to Conduct Limited Discovery.  Mr. Hatlen addresses the Court first, stating that the Defendants' motive to engage in limited discovery at this point is to force Mr. Hatlen to assist the Defendants in dismissing his own case.  Mr. Hatlen further asserts that he does not have all his grievances.

Ms. Fairbank explains that, in light of the discovery Defendants would be propounding upon Mr. Hatlen, Defendants would provide Mr. Hatlen a copy of his entire grievance history report to assist him in identifying specific grievances.  Mr. Hatlen objects and states that the grievance history report is not detailed to the extent that he would be able to distinguish one grievance from another and, to associate a grievance with a specific claim in this matter. Mr. Hatlen further claims that a large number of grievances have been taken from him and he no longer has a complete record of his grievances.

After further discussion regarding the production of a grievance history report versus providing Mr. Hatlen with a copy of every grievance he has submitted, the Court finds that, at this time, the grievance history report is sufficient for Plaintiff to respond to Defendants' limited discovery.  However, the Court notes that it is unclear how productive the grievance history report may be for this limited discovery.  Nevertheless, Defendants' Motion for Leave to Conduct Limited Discovery (Dkt. #69) is **GRANTED**.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 26, 2013
Page 3

**IV. <u>Discussion and Disposition of Plaintiff's Preliminary Injunctions</u>**

Pursuant to the Court's request, Plaintiff has identified which requests for preliminary injunctive relief are most relevant to this action (see Dkt. #76 and Dkt. #77).

The Court first elaborates on the definition of preliminary injunction. The Court emphasizes that preliminary injunctions are not grievances or kites; nor is the Court made available to answer every complaint as they relate to conditions of confinement, such as Plaintiff appears to have done in this action. The United States Supreme Court states that a preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." The United States Supreme Court further provides that the person making the motion for preliminary injunction has to demonstrate four categories in order for the Court to grant such a request: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Furthermore, the Court discusses an even more stringent standard that must be applied when mandatory, as opposed to prohibitory, preliminary relief is sought. The Court explains that the Ninth Circuit has stated that the Court should be extremely cautious about issuing a preliminary injunction when it must go well beyond the status quo in a case.

Finally, the Court reviews the Prison Litigation Reform Act (PLRA), which mandates prisoner litigants to satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PRLA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, PRLA limits the Court's power to grant preliminary injunctive relief to inmates.

The Court turns to several of Plaintiff's injunctive relief requests:

**A. <u>Motion for Injunction (Dkt. #13)</u>**

It appears that Plaintiff has identified this request as his document number 7(A).

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 26, 2013
Page 4

    Plaintiff claims that, on November 14, 2012, he was experiencing chest pain and was denied medical attention. Plaintiff further claims that he was denied meals, showers and attorney phone calls. The relief Plaintiff seeks in this instant motion are the following components: (1) appointment of counsel; (2) request for the Court to compel a criminal investigation to be undertaken by the United States Department of Justice ("USDOJ") and the Attorney General Office ("AG Office"); and (3) requests that he be granted his constitutional rights and liberty, medical and health treatment and safety. The Court finds the following:

> (1.) Plaintiff's request for Appointment of Counsel is **DENIED**. District Judge Hicks denied two previous appointment of counsel requests in the Screening Order because of an absence of showing exceptional circumstances in this case and the likelihood of success as to his claims. Plaintiff, again, has not met the two standards identified by Judge Hicks in this instant request for appointment of counsel.

> (2.) Plaintiff's request for the Court to compel a criminal investigation is **DENIED**. This request is outside the purview of this Court.

> (3.) Plaintiff's request that he be granted his constitutional rights and liberty, medical and health treatment, and safety is **DENIED**. Plaintiff does not address any of the four standards (as mentioned above during the Court's discussion regarding preliminary injunctive relief) required for the Court to consider granting preliminary injunctive relief.

    Therefore, Plaintiff's Motion for Injunction (Dkt. #13) is **DENIED**.

### B. Motion for Injunction (Dkt. #14)

    It appears that Plaintiff has identified this request as his document number 9.

    Plaintiff claims that he was refused breakfast, lunch, a shower and attorney phone call on November 14, 2012. The relief Plaintiff seeks in this instant motion are the following components: (1) appointment of counsel; (2) request for the Court to compel a criminal investigation to be undertaken by the USDOJ and the AG Office; and (3) request that he be granted his constitutional rights and liberty, medical and health treatment and safety. As discussed above with respect to Plaintiff's previous injunctive relief, the Court finds the following:

> (1.) Plaintiff's request for Appointment of Counsel is **DENIED**. District Judge Hicks denied two previous appointment of counsel requests in the Screening Order because of an absence of showing exceptional circumstances in this case and the likelihood of success as to his claims. Plaintiff, again, has not met the two standards identified by

**MINUTES OF PROCEEDINGS**
3:12-cv-00534-LRH-WGC
Date: July 26, 2013
Page 5

Judge Hicks in this instant request for appointment of counsel.

(2.)  Plaintiff's request for the Court to compel a criminal investigation is **DENIED**.  This request is outside the purview of this Court authority.

(3.)  Plaintiff's request that he be granted his constitutional rights and liberty;  medical and health treatment; and safety is **DENIED**.  Plaintiff does not address any of the four standards (as mentioned above during the Court's discussion regarding preliminary injunctive relief) required for the Court to consider granting preliminary injunctive relief.

Therefore, Plaintiff's Motion for Injunction (Dkt. #14) is **DENIED**.

### C. Motion for Injunction (Dkt. #16)

It appears that Plaintiff has identified this request as his document number 7.

Plaintiff claims that, "again," on November 20, 2013, correctional officers came to Plaintiff's cell and threw his legal documents over his bed.  Furthermore, Plaintiff claims that several hundred pages of documents have been stolen, which was done to prevent him from filing grievances, to contacting the law library, and accessing postage or the courts.  Additionally, plaintiff has been denied medical attention.  The relief Plaintiff seeks in this instant motion are the following components: (1) to compel Nevada Department of Corrections ("NDOC") Director Cox and the Inspector General ("IG") to investigate and provide protection and (2) to be granted access to the Court.

(1.) Plaintiff's request to compel Director Cox and the IG to investigate and provide protection is **DENIED**.  Again, this request is outside the purview of this Court's authority.  Furthermore,  Plaintiff does not, again, address any of the four standards required for the Court to consider granting preliminary injunctive relief.

 (2.) With respect to Plaintiff's claim regarding loss of documents and his denial of access to the Courts under the First Amendment, the Court advises Mr. Hatlen that he must first file a grievance with the institution at which he resides.  If Mr. Hatlen has filed a grievance, he would need to file a new action based upon said allegations.

Therefore, Plaintiff's Motion for Injunction (Dkt. #16) is **DENIED**.

### D. Motion for Injunction (Dkt. #18)

It appears that Plaintiff has identified this request as his document number 10.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 26, 2013
Page 6

Plaintiff claims that when he was transferred to Northern Nevada Correctional Center ("NNCC") he was refused his legal documents on November 29, 2012, and he had a deadline to submit a pleading to the Court on November 30, 2012.  Thereafter, Plaintiff did receive his property but claims that they had been tampered with and his one hundred (100) plus grievances had expired.  The relief Plaintiff seeks in this instant motion are the following components: (1) to compel the USDOJ and the AG Office to file criminal charges; (2) to compel NDOC Director Cox and the IG to investigate allegations; and (3) remand plaintiff back to NNCC. The Court finds the following:

> As to the relief sought by Plaintiff in components 1, 2, and 3, they are **DENIED** based on the grounds that Plaintiff, again, does not address any of the four standards required for the Court to consider granting preliminary injunctive relief.

Therefore, Plaintiff's Motion for Injunction (Dkt. #18) is **DENIED**.

### E. Motion for Injunction (Dkt. #38)

It appears that Plaintiff has identified this request as his document number 11.

Plaintiff claims that he was convicted for filing grievances within the NDOC and then placed in a segregated cell for approximately one and a half years.  Furthermore, on January 11, 2013, Plaintiff was denied his medical needs requests and medical attention.  The relief Plaintiff seeks in this instant motion are the following components: (1) to compel the AG to criminally charge the NDOC; (2) to provide plaintiff with grievance provisions; (3) to dismiss Plaintiff's sentence and return him to general population; (4) to compel NDOC Director Cox and IG to investigate allegations; and (5) to provide plaintiff safety, security, medical and mental health attention, and legal provisions.  The Court reiterates the following findings:

> Plaintiff's requests, again, does not address any of the four standards required for the Court to consider granting preliminary injunctive relief.  Furthermore, to the extent that Plaintiff seeks the Court to compel the AG to criminally charge the NDOC or for the Court to compel NDOC Director Cox and IG to investigate allegations, such requests are outside the purview of this Court's authority.

Therefore, Plaintiff's Motion for Injunction (Dkt. #38) is **DENIED**.

### F. Emergency Motion for Injunction (Dkt. #60)

It appears that Plaintiff has identified this request as his document number 20.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 26, 2013
Page 7

      The Court notes that this instant motion for preliminary injunctive relief was filed in March of 2013, which was after the Court had entered a stay in this case for ninety (90) days (see Dkt. #44 and Dkt. #57).

      Therefore, Plaintiff's Emergency Motion for Injunction is **DENIED without prejudice.**

**V.**    **Motion to Reconsider (Dkt. #15)**

      Plaintiff's motion to reconsider was filed on November 21, 2012, in response to the Court's Screening Order (Dkt. #7) filed on October 31, 2012. Thereafter, Plaintiff filed an Amended Complaint (Dkt. #22), and the Court then filed a subsequent Screening Order (Dkt. #44). Therefore, Plaintiff's motion to reconsider the Screening Order (Dkt. #7) is no longer relevant in view of the amended complaint and subsequent screening order.

      Plaintiff's Motion to Reconsider (Dkt. #15) is **DENIED as moot**.

**VI.**    **Motion to Reconsider Motions for Injunctions (Dkt. #25)**

      Plaintiff requests that the Court reconsider several motions:

      Dkt. #3 - Motion for Injunction
      Dkt. #6 - Motion for Injunction
      Dkt. #9 - Motion for Immediate Injunction
      Dkt. #11 - Motion for Injunction
      Dkt. #13 - Motion for Injunction
      Dkt. #14 - Motion for Injunction
      Dkt. #15 - Motion to Reconsider
      Dkt. #18 - Motion for Injunction

The Court advises Plaintiff that Dkt. #3 and Dkt. #6 were denied pursuant to Court Order Dkt. #7. Dkt. #9 and Dkt. #10 were denied without prejudice in Court Order Dkt. #12. Tthe remaining four (4) motions, Dkt. ## 13, 14, 15, 18, had not, at the time of Plaintiff's filing of his motion to reconsider, been ruled on. However, today, the Court has denied all four (4) motions.

      Therefore, Plaintiff's Motion to Reconsider Motion for Injunctions (Dkt. #25) is **DENIED**.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 26, 2013
Page 8

### VII. Discussion Regarding Plaintiff's Right to Object to Magistrate Judge Orders

Plaintiff is advised that, pursuant to Fed. R. Civ. P. 72(a), a party may serve and file objections to the order within fourteen (14) days after being served a copy of the order.

**IT IS SO ORDERED.**

12:01 p.m.  Court adjourns.

                                          LANCE S. WILSON, CLERK

                                          By: _____/s/_____
                                              Katie Lynn Ogden, Deputy Clerk