UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENNETH HATLEN, | ) | 3:12-cv-00534-MMD-WGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | re: Plaintiff's Motion to Disclose Defendants Criminal Obstruction |
| GREG COX, et al., | ) ) | Tampering and Destruction of Legal Documents and Exhaustion Remedy by |
| Defendants. | ) ) | Acts of 'Forgery' (6 counts) Doc # 114 |

Before the court is Plaintiff's "Motion to Disclose Defendants Criminal Obstruction Tampering and Destruction of Legal Documents and Exhaustion Remedy by Acts of 'Forgery' (6 counts)." (Doc. # 114.) Defendants have opposed. (Doc. # 118.) Plaintiff alleges "criminal forgery, deception, tampering with evidence in an active civil trial" and also complaints of "attempts to conceal the 300 counts of criminal misconduct to avoid accountability & consequences in acts of deliberate malicious obstruction and retaliation." (Doc. # 114 at 2.)

The court does not view Plaintiff's motion as an appropriate matter for disposition within the purview of an action of a complaint filed under 42 U.S.C. § 1983. The court, as Plaintiff has been previously advised, is not a "super grievance forum" wherein Plaintiff may complain that certain of his hundreds of grievances are allegedly improperly resolved, or in this instance, purportedly forged.

Plaintiff also argues that "none" of his "fradulently (sic) dismissed 300 grievance have been returned to this plaintiff... ." He thus contends he cannot exhaust his administrative requirements as a result of "obstruction, retaliation and criminal misconduct." (*Id*., at 4.) However, several of the attachments Plaintiff submitted with his motion are Nevada Department of Corrections  (NDOC)

memoranda to Plaintiff advising Plaintiff his multiple grievances were received and answered. In seven of the NDOC memoranda Plaintiff attaches, Plaintiff was informed, "you have <u>exhausted</u> the grievance process on these grievances." (*Id.*, at p. 7 (identifying 50 grievances); p. 3 (60 grievances); p. 11 (14 grievances); p. 13 (20 grievances); and p. 8 (13 grievances) (emphasis added). Thus, by Plaintiff's own submission, many of his grievances have indeed been addressed – and exhausted.

42 U.S.C. 1997e(a) of the Prison Litigation Reform Act requires any complaints brought by an inmate under § 1983 to be first addressed, completely, under the institution's administrative remedies. This exhaustion requirement necessitates full and complete compliance with and satisfaction of the institution's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Sapp v. Kimbrell*, 623 F.2d 813, 821 (9th Cir. 2010). These administrative remedies must be exhausted prior to filing suit, not during the pendency of the suit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Plaintiff must therefore exhaust all administrative remedies before he may seek relief under 42 U.S.C. § 1983. Plaintiff's exhibits belie his assertion in his motion he has not been able to exhaust his administrative remedies because of the actions of any of the defendants. Nor has Plaintiff established his assertion the NDOC memoranda depict an "act of federal criminal forgery, exception, tapering (sic) with evidence in an active federal civil trial by the Defendants... ." (Doc # 114 at 2.)

To the extent Plaintiff seeks a hearing before <u>this</u> court with respect to the subject of his motion, the court in its discretion **DENIES** Plaintiff's request. The court does not perceive how oral arguments would at all assist in resolving Plaintiff's motion. Local Rule 78-2.[1] This court obviously defers to Chief District Judge Jones and/or District Judge Du as to whether they wish to hear Plaintiff's motion as Plaintiff requests. (Doc. # 114 at 5.).

As to the other relief sought by Plaintiff, i.e., for the United States Attorney General to file criminal charges against Defendants, even if the court were to find there is some modicum of merit in Plaintiff's motion (which it does not), this court does not have the authority to order the Attorney General to file criminal charges against anyone, let alone these Defendants. Plaintiff's relief in that respect is also **DENIED.**

---

[1] LR 78-2, provides: All motions may, in the court's discretion, be considered and decided with or without a hearing.

Plaintiff's motion (Doc. # 114) is **DENIED.**

**IT IS SO ORDERED.**

DATED: November 1, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE