# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, | 3:12-cv-00534-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | re: Doc. # 93 and related filings, Docs. ## 88, 95, 104, 110 117 |
| GREG COX, et al., | |
| Defendants. | |

Before the court are Doc. # 93 Defendants' Motion to Strike Plaintiff's Objection to Defendants' Answer (Doc. # 88) and related filings (Docs. ## 95, 104, 110, 117). The subject matter of these various filings is that Defendants seek to strike from the docket Plaintiff Hatlen's "Objection to Defendants 'Answer'." (Doc. # 88.)

Fed. R. Civ. P. 7 provides that an answer is one of the pleadings which is authorized to be filed in a civil action. In fact, it has been held an answer to a complaint may be required: *LeBoeu, Lamb, Greene & MacRae, LLP, v. Worsham*, 185 F.2d 61, 66-67 (2nd Cir. 1999).

A reply to an answer is only permitted on leave of the court where the movant demonstrates via a clear and substantial showing that a substantial reason or extraordinary circumstances require a reply. *Moviecolor Limited v. Eastman Kodak Co.*, 24 F.$.D. 325 (S.D. N.Y. 1959). Plaintiff has neither sought leave to file his reply nor has he demonstrated the necessary circumstances or substantial reason for doing so in his "opposition." While the court will not strike Plaintiff's Reply and attendant documents, the court will not take into account Plaintiff's arguments asserted therein. Therefore, Defendants' motion to strike (Doc. # 93) is **DENIED.**

Defendants' motion (Doc. # 93 at 2) poses a collateral component about the court's suggestion made at the July 23, 2013, motion hearing that "Ms. Fairbank and Mr. Hatlen have a conference to identify those persons on whose behalf the Attorney General's Office has or has not accepted service." (Doc. # 79 at 1, Minutes of Proceedings 7/26/13.) The Defendants suggest Plaintiff has apparently misinterpreted this statement such that he may have been under the impression that it was the purported "obligation of Defendants to correctly and properly identify those individuals whom Plaintiff desires to name as parties to this case." (Doc. # 93 at 2.) The Defendants are correct. The court did not order Defendants to assist Plaintiff in identifying other "potential defendants," but rather to simply advise Plaintiff for whom counsel has – or has not – accepted service. (Doc. # 79 at 1.) In that regard, the court notes that counsel's identification at the head of its filings identifies the parties for whom counsel has appeared.  See also, Doc. # 67, counsel's "Acceptance of Service." This information should adequately apprise Plaintiff for whom service has been accepted in this matter. Plaintiff should assume that any Defendant whose name has been omitted from this list of clients is not being represented by the Attorney General's Office.

Imbedded in Plaintiff's "Reply to Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Response to Defendants' Answer" (Doc. # 110) was a peripheral request that this court appoint counsel to represent the Plaintiff.  Plaintiff has previously made such requests and the court has denied them. (See, e.g., Docs. ## 27 and 29, denied in Doc. #44.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved.  Neither factor is controlling;  both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,*

789 F.2d at 1331. However, the district court exercises discretion in making this finding. Plaintiff has failed to explain the likelihood of success on the merits of his claims or the complexity of the legal issues involved.

There is unfortunately no pool of attorneys to whom the Court can turn to appoint counsel in pro se prisoner §1983 litigation. Plaintiff should be aware the Court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [*cert. denied* 130 S.Ct. 1282 (2010)]. Plaintiff has not demonstrated those exceptional circumstances exist in this matter. Therefore, the Court declines to enter an order directing appointment of counsel herein.

Plaintiff's motion to reply (Doc. # 110, entitled a "motion to respond") is **DENIED**; insofar as Plaintiff's motion (Doc. # 110) seeks appointment of counsel, it is also **DENIED.**

**IT IS SO ORDERED.**

DATED: November 1, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE