UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENNETH HATLEN, ) | 3:12-cv-00534-LRH-WGC | |
| ) | | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** | |
| ) | | |
| vs. ) | January 28, 2014 | |
| ) | | |
| GREG COX, *et al.,* ) | | |
| Defendants. ) | | |
| ) | | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFF:  Kenneth Hatlen, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:  Micheline Fairbank

**MINUTES OF PROCEEDINGS:** Motion Hearing

10:03 a.m.  Court convenes.

The court addresses several pending motions.

I. **Plaintiff's "Motion for Defendants Counsil (Atty General) to Disclose all NDOC 'Contact' Information of Defendants in this Case" (Doc. # 141) and Plaintiff's "Motion for Defendants 'In Camera' Information" (Doc. # 162)**

The court interprets plaintiff's "Motion for Defendants Counsil (Atty General) to Disclose all NDOC 'Contact' Information of Defendants in this Case" (Doc. # 141) and plaintiff's "Motion for Defendants 'In Camera' Information" (Doc. # 162) as similar documents. Both documents appear to relate to the subject matter concerning who has been identified as defendants in this matter and for whom has the Attorney General's Office ("AG") accepted service.

Reviewing the record, defendants filed their Notice of Second Supplemental Acceptance of Service (Doc. # 144). Service for named defendant's Kitekeiaho Afeaki, Randy Tice, and Robert Banchi have not been accepted because they were all former employees of the Nevada Department of Corrections ("NDOC"). However, their last known addresses have been filed

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: January 28, 2014
Page 2

under seal with the court.[1]  Additionally, the AG does not accept service on behalf of c/o Moody, c/o Brown, Montoya and Thompson.  The AG indicates there is insufficient information in order to correctly identify the named defendants and be able to appropriately accept service on behalf of these individuals.

The court agrees insufficient information has been provided to the AG with regard to unserved defendants c/o Moody, c/o Brown, Montoya and Thompson.  Therefore, plaintiff is directed to file a notice with the court, providing any and all identifying information plaintiff has regarding these last four (4) named defendants.  Once the notice is filed, the AG will undertake the attempt to identify these individuals as they have offered in their opposition to plaintiff's motion Doc. # 141 (Doc. # 149).  The AG shall then file a notice advising the court whether the AG can or cannot accept service on behalf of the defendants identified as "c/o Moody, c/o Brown, Montoya and Thompson."

Since defendants' notice of acceptance of service (Doc. # 144), plaintiff has failed to inform the court whether he intends to effect service on the unserved defendant's Afeaki, Tice, and Banchi.  The court acknowledges this may have been an inadvertent oversight on behalf of plaintiff and directs plaintiff's attention to court order (Doc. # 63).  The court reminds plaintiff that when service cannot be accepted for any of the named defendants, it is plaintiff's responsibility to file a motion identifying the unserved defendant(s), requesting issuance of the summons, and specifying a full name and addresses for the defendant(s).  As to any of the defendants for whom the AG has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).  Therefore, if it is the intention of plaintiff to serve the unserved defendants, he shall file a motion to effect service upon these defendants.

In light of the court's directive with regard to the unserved defendants in this matter, plaintiff's "Motion for Defendants Counsil (Atty General) to Disclose all NDOC 'Contact' Information of Defendant in this Case" (Doc. # 141) and plaintiff's "Motion for Defendants 'In Camera' Information" (Doc. # 162) are resolved as per the aforementioned discussion and rulings.

---

[1]The AG filed a "Notice of Under Seal Submission of Last Known Address" (Doc. # 145).  This document inadvertently identified the defendants for whom addresses are being provided as "James Henson and David Mumford." (*Id*. at 2)  However, the defendants for whom last known addresses were actually filed are defendants Kitekeiaho Afeaki, Randy Tice, and Robert Banchi (Doc. # 146/Under Seal).  Defendants' counsel represents the notice (Doc. # 145) will be corrected.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: January 28, 2014
Page 3

II.    **Plaintiff's "Motion for Court to Produce/Provide Documents" (Doc. # 140)**

At the expense of the court, plaintiff requests copies of transcripts from telephonic hearings that have been held in this matter. Citing from a Ninth Circuit Court of Appeals decision and referencing defendants' opposition to plaintiff's motion (Doc. # 150), an indigent party is not entitled to transcripts at government expense until after an appeal filed and the party demonstrates the necessity of the transcripts.

Therefore, Plaintiff's "Motion for Court to Produce/Provide Documents" (Doc. # 140) is **DENIED**.

III.    **Plaintiff's "Notification of Criminal Obstruction/Contempt by the Defendants" (Doc. # 159)**

Plaintiff alleges defendants continue to obstruct his access to the court. However, plaintiff does not specify which defendants allegedly continue to obstruct his access to the court.

To address plaintiff's notice, the court directs plaintiff's attention to District Judge Hicks screening order (Doc. # 44). The court explains the screening order outlines the legitimate parameters of plaintiff's complaint. Furthermore, the screening order defines the scope of plaintiff's alleged claims to actions or activities that took place at Northern Nevada Correctional Center ("NNCC") and at Ely State Prison ("ESP"). Additionally, the court discusses the relationship that must be apparent between the injury claimed in a party's motion and the conduct asserted in the operative complaint.

Plaintiff's notice fails to correlate or provide some relationship between the destruction of the materials that plaintiff refers to in his notice and the conduct asserted in the complaint. To the extent plaintiff seeks relief from his "Notification of Criminal Obstruction/Contempt by the Defendants" (Doc. # 159), such relief is **DENIED**.

IV.    **Plaintiff's "Emergency Motion for Immediate Relief" (Doc. # 167)**

Plaintiff's motion contends defendants are retaliating against him and have denied him medical care at Lovelock Correctional Center ("LCC").

The court reminds plaintiff he should not be using this instant action as a mechanism to air his grievances concerning his incarceration with the court. Plaintiff is to utilize the grievance system implemented at the NDOC where he must exhaust his administrative remedies first, and then, if appropriate to do so, he may file a new action.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: January 28, 2014
Page 4

      Additionally, plaintiff's allegations in this motion do not arise from the subject matter of the complaint in this case. Therefore, the court does not have the authority to provide plaintiff relief concerning his complaints raised in this motion. Plaintiff's "Emergency Motion for Immediate Relief" (Doc. # 167) is **DENIED**.

### V.    <u>Plaintiff's "Motion to Review" (Doc. # 170)</u>

      Plaintiff's "Motion to Review" (Doc. # 170) requests the court to review four (4) separate emergency motions for relief:

- Plaintiff's # 2 motion: "Emergency Relief to Dangerous Hostile Environment by the Defendants" (Doc. # 171);
- Plaintiff's # 3 motion: "Additional Retaliation by Defendants" (Doc. # 172);
- Plaintiff's # 4 motion: "Emergency Relief by Defendants Misconduct" (Doc. # 173); and
- Plaintiff's # 5 motion: "Emergency Relief to Serious Injury Retaliation/Obstruction by Defendant" (Doc. # 174).

Plaintiff's "Motion to Review" (Doc. # 170) is **GRANTED** and the court has reviewed all four (4) motions.

      After review, all four (4) motions are similar in nature. Again, plaintiff is requesting that this court intervene and evaluate the propriety of plaintiff's grievances or complaints against the alleged misconduct of employees at LCC. Plaintiff's complaints are entirely separate and apart from the scope of the operative complaint in this matter which relates to specific defendants from NNCC and ESP. None of the individuals referenced in the filings are one of the named defendants in this instant matter. Also, the subject matter of the filings are beyond the subject of the complaint.

      Based upon the court's review, all four (4) motions: Doc. ## 171, 172, 173, and 174 are **DENIED**.

### VI.    <u>Anticipated Case Management Order</u>

      In view of today's discussions and as shown in the recent spate of filings by plaintiff, most of plaintiff's filing do not relate to the subject of this litigation. Therefore, the court will be entering a separate case management order in this case. Plaintiff is advised that he will be restricted to the following requirements to any future document(s) he submits to this court for filing:

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: January 28, 2014
Page 5

- Plaintiff must certify that the subject matter of the filing (motion, notice, etc) pertains to the subject matter of the operative complaint;

- Plaintiff must specifically identify the names of the defendants to which the filing pertains. Generically stating "defendants" will not be acceptable.

Furthermore, based on plaintiff's requirements and until further order of the court, the defendants will not have to file a responsive memorandum to any of plaintiff's filings until the court directs the defendant to do so.

The court notes that this order will be restricted only as to documents that are before Magistrate Judge Cobb. Any documents or filings that are before District Judge Du shall be proceed as per the local rules.

### VII.   Plaintiff's Oral Motion for Appointment of Counsel

Plaintiff requests the court to appoint counsel in light of the court anticipated case management order.

The court explains that the intentions to enter a case management order is to not discredit plaintiff's ability to litigate this matter, but rather manage the excess of litigation this case has required thus far based on plaintiff's filings. The court notes Plaintiff has proven his ability to articulate his claims and adequately represent himself.

Furthermore, to address the matter of appointment of counsel, the court briefly discusses the rational in Screening Order (Doc. #44) that denied plaintiff's initial requests for appointment of counsel, including plaintiff's failure to demonstrate the likelihood of success in this matter.

Plaintiff's oral Motion for Appointment of Counsel is **DENIED**.

### VIII.   Conclusion

Any objections as to the rulings made during today's hearing must be filed within fourteen (14) days from date in which this order is entered.

The courtroom administrator is directed to send plaintiff a copy of the current docket sheet.

**IT IS SO ORDERED.**

**MINUTES OF PROCEEDINGS**
3:12-cv-00534-LRH-WGC
Date: January 28, 2014
Page 6

11:13 a.m.  Court adjourns.

                                                            LANCE S. WILSON, CLERK
                                                            By:               /s/
                                                                     Katie Lynn Ogden, Deputy Clerk