UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, ) | 3:12-cv-00534-MMD-WGC |
| Plaintiff, ) | |
| ) | **REPORT & RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| GREG COX, et. al., ) | |
| ) | |
| Defendant. ) | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. Before the court are Plaintiff's request for injunctive relief (Doc. # 97)[1] and a motion requesting a discussion and telephonic hearing. (Docs. # 97, # 98.) Defendants filed an opposition (Doc. # 105) and Plaintiff filed a reply (Doc. # 111).

After a thorough review, the court recommends that Plaintiff's motions be denied.

## I. BACKGROUND

**A. Plaintiff's Amended Complaint**

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl. (Doc. # 22).) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). (*Id.*; *see also* Screening Order at Doc. # 44.)

Defendants are Ronald Abeloe, Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell

---
[1] Refers to court's docket number.

1  Donnelly, Sheryl Foster, Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard,
2  Nathan Hughes, Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Michael Koehn,
3  Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger Mooney,
4  James Moore, Michelle Moore, William Moore, Shannon Moyle, John Nahashima, Jessie Neubauer,
5  Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie Rexwinkel, Larry
6  Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth "Lisa" Walsh, and April
7  Witter. (*See* Doc. # 202.)

8        Plaintiff has also named defendants Brown and Thompson, however, the Attorney General has
9  not accepted service on behalf of those individuals and Plaintiff has not yet served them. (*See* Doc. #
10 202.)

11       On screening the court determined that Plaintiff could proceed with claims for retaliation,
12 Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth
13 Amendment medical care, due process, and First Amendment speech and religious claims against these
14 defendants. (Doc. # 44.)

15 **B. Request for Injunctive Relief**

16       In his request for injunctive relief, Plaintiff asserts that on September 5, 2013, Caseworker
17 Smith and Correctional Officers Barron and McGahen came into his cell and went through his legal
18 documents, "tossed them and left the cell in a [disarray] & mess." (Doc. # 97 at 1.) He claims that
19 Caseworker Smith took all of his medical kites, communication kites, law library requests, postage
20 brass slips, and grievance forms, denying him the ability to seek any provisions. (*Id*.) As a result,
21 Plaintiff contends he has suffered chest pain and difficulty breathing. (*Id*. at 2)

22 **C. Request for Discussion and Telephonic Hearing**

23       While he characterizes this as a motion for discussion and hearing, it appears to be more akin
24 to a request for injunctive relief. In his motion requesting a discussion and telephonic hearing, Plaintiff
25 asserts that he has notified the court of acts of obstruction that have interfered with his ability to exhaust
26 his remedies, and the court has not stopped them. (Doc. # 98 at 1-2.) Plaintiff goes on to state that "the
27 defendants" have taken over 4,000 legal documents, have tortured him, denied him medical treatment,
28 and assaulted him. (*Id*. at 2.) Plaintiff claims this is retaliatory. (*Id*.)

1         Plaintiff asserts that the court required that Plaintiff provide the defense with proof of
2 exhaustion on July 26, 2013, but on August 20, 2013, Correctional Officer Crose took all of Plaintiff's
3 property to inventory for a transfer, and when Plaintiff received the property back, five of six legal
4 boxes were ripped, opened and missing documents, including summaries of grievances. (*Id*. at 3.)

5         Plaintiff goes on to state that Defendants have limited, restricted or denied Plaintiff's access to
6 grievance forms. (*Id*. at 4.) He acknowledges he has been able to file "some" grievances because he
7 traded with other inmates in order to obtain the forms. (*Id*.)

8         Plaintiff claims that on September 3, 2013, Caseworker Smith told him he would not be allowed
9 to file grievances in the prison and that he would not be provided with any forms. (*Id*. at 7.)

10         Plaintiff contends this conduct of unspecified defendants is "criminal" and that it is retaliatory.
11 (*Id*. at 8.)

## II. DISCUSSION

13         The court has advised Plaintiff on numerous occasions that his requests for injunctive relief
14 must relate to this action and involve persons who are named as defendants in this action. As the court
15 indicated above, the claims allowed to proceed in this action involve conduct that occurred at NNCC
16 and ESP in 2012. (*See* Doc. # 44.) The actions which he describes in the two pending motions took
17 place in 2013 and do not relate to any of the claims allowed to proceed in *this* action..

18         Moreover, the motions, while vaguely referencing "defendants" generally, only actually identify
19 individuals who are not named defendants in *this* action. An injunction may only issue as to a person
20 who is a party to this action, or the parties' officers, agents, servants, employees, and attorneys or others
21 who are acting in active concert or participation with a party. *See* Fed. R. Civ. P. 65(a)(1), (d)(2).
22 Plaintiff has not referenced any person who is a defendant to this action. Nor has he included facts that
23 would allow the court to conclude that the persons mentioned were acting in concert with persons who
24 are named defendants.

25         The court has also notified Plaintiff on several occasions that a request for injunctive relief must
26 demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the
27 absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the
28 public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has

not addressed a likelihood of success on the merits. While he generally claims to have suffered injury, he does not specifically address whether he is likely to suffer irreparable harm in the absence of preliminary relief. Nor does he address the balance of equities or public interest factors.

Accordingly, the court recommends that these motions (Docs. # 97, # 98) be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order denying Plaintiff's motions (Docs. # 97, # 98).

The parties should be aware of the following:

1. Plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: February 28, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE