# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, | 3:12-cv-00534-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| MARY WALSH, et. al., | |
| Defendants. | |

Before the court are two motions filed by Plaintiff (Docs. # 243 and # 245) and a Notice of Intervening Law (Doc. # 246) filed by Defendants that relate to a motion to dismiss for failure to exhaust administrative remedies (Doc. # 177) filed by Defendants and the status of Plaintiff's response to the motion.

## I. BACKGROUND

Defendants filed a motion to dismiss on January 30, 2014, arguing that Plaintiff failed to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act (PLRA). (Doc. # 177.)[1] The motion relies on evidence outside of the operative complaint. (*See id.* and attached exhibits.) The *Klingele* order was then issued on February 25, 2014, and Plaintiff was advised that his opposition to the motion was due within fourteen days. (Doc. # 205.) Plaintiff was further advised in the *Klingele* order that if evidence is submitted with a motion to dismiss (as it was here), the court may consider the evidence and treat the motion as one for summary judgment. (*Id.*) Plaintiff was then advised regarding what he needed to do in order to oppose such a motion. (*Id.*)

Plaintiff filed a response to the *Klingele* order, stating that he had been denied the ability to respond to the motion because he did not have the necessary documentation. (Doc. # 209.) He

---

[1] Refers to court's docket number.

1 also filed a motion stating that he did not know how to respond to Defendants' motion and
2 indicated an inability to do so within the fourteen day time frame allotted by the court. (Doc.
3 # 212.) He also stated again that he was not in possession of his files at that time. (*Id*.)

4       In light of this filing, on March 7, 2014, the court gave Plaintiff an additional forty-five
5 days to file his response, making it due on or before April 25, 2014. (Doc. # 215.) The court also
6 instructed Defendants to file a response to Plaintiff's claim that he did not have access to his files
7 necessary to respond to the motion on or before March 17, 2014. (*Id*.)[2]

8       Since that time, Plaintiff has filed various documents and motions advising the court that
9 some persons named as defendants in this case as well as others allegedly tampered with and
10 destroyed thousands of documents that constitute his legal files related to this case and others,
11 including his records of grievances that relate to claims asserted in this action as well as the
12 motion and joinders themselves, essentially precluding him from being able to prepare a
13 response to Defendants' dispositive motion arguing that he failed to exhaust his administrative
14 remedies. (*See* Docs. ## 227, 228, 235, 237, 238, 239, 240, 242.)

15       He has also filed a motion asking about the status of his response to Defendants' motion
16 in light of these accusations (Doc. # 243), and most recently, a motion which he titles as a
17 "motion for stay," but really asks for either a stay of briefing on Defendants' motion or an
18 extension of time for him to respond to Defendants' motion once he has had a chance to access
19 and review the relevant documentation (Doc. # 245).

20       On April 29, 2014, Defendants filed a notice of intervening law, requesting that the court
21 convert their motion to dismiss to a motion for summary judgment in light of the Ninth Circuit's
22 recent decision in *Albino v. Baca*, ---F.3d---, 2014 WL 1317141 (9th Cir. Apr. 3, 2014).

23 **II. DISCUSSION**

24       This Order only addresses Docs. # 243, # 245, and # 246. With respect to the remaining
25 motions and documents filed by Plaintiff (some of which are related to the allegations of
26 destruction of his legal documents), the court will either set those matters for a hearing or issue a

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28     [2] The topic of Plaintiff's access to documents necessary to respond to Defendants' motion will be addressed in separate order(s).

1   separate order(s) or report and recommendation(s) depending on the nature of relief sought.  (*See*
2   Docs. ## 183, 184, 194, 197, 203, 213, 220, 227, 228, 231, 235, 237, 238, 239, 240, 242.)

3   In the meantime, **the deadline for Plaintiff to respond to Defendants' motion (Doc. #
4   177) is <u>VACATED</u>**. The court will reinstate the deadline once it has had a chance to thoroughly
5   assess the issue. As a result, Plaintiff's motion for status (Doc. # 243) and motion requesting a
6   stay of briefing on Defendants' motion (Doc. # 245) are **<u>DENIED</u>** as moot.

7   The court will now address Defendants' notice of intervening law and request to convert
8   their motion to dismiss into one for summary judgment. On April 3, 2014, the Ninth Circuit
9   issued an opinion in *Albino v. Baca* that overruled *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir.
10  2003), to the extent it held that a motion arguing that an inmate plaintiff failed to exhaust
11  administrative remedies should be brought as an unenumerated 12(b) motion. *Albino*, 2014 WL
12  1317141, at *4. Instead, the Ninth Circuit held in *Albino* that the exhaustion defense should be
13  raised "within the framework of the Federal Rules of Civil Procedure." *Id*. That is to say, in the
14  rare case the failure to exhaust is "clear from the face of the complaint," it may be raised in a
15  motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id*.
16  at * 5 (citations omitted). On the other hand, when the defense presents evidence in support of its
17  defense, the argument must be raised in a motion for summary judgment under Federal Rule of
18  Civil Procedure 56. *Id*.

19  Defendants filed their motion raising the exhaustion defense as an unenumerated motion
20  to dismiss under Federal Rule of 12(b), consistent with *Wyatt* and the practice in this circuit prior
21  to *Albino*. Defendants now request that the court convert its motion to one for summary
22  judgment in light of *Albino*. That request is **<u>GRANTED</u>** and Defendants' motion (Doc. # 177) is
23  hereby **<u>CONVERTED</u>** from an unenumerated motion to dismiss under Rule 12(b) into a motion
24  for summary judgment under Rule 56. The court notes that this request was not entirely
25  necessary as Defendants rely on evidence outside of the complaint to support their motion;
26  therefore, in considering the motion the court would have treated it as a motion for summary
27  judgment under Rule 56 in any event. However, the court now has occasion to formally convert
28  the motion and advise the parties as to the Ninth Circuit's pronouncement in *Albino* of the

respective burdens of the parties in a motion for summary judgment raising the exhaustion defense.

A defendant's burden, in bringing a motion for summary judgment under Rule 56 that raises the exhaustion defense, "is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 2014 WL 1317141, at * 8 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. "However, as required by *Jones*, the ultimate burden of proof remains with the defendant." *Id*.[3]

The Ninth Circuit has found administrative remedies to be unavailable under the following circumstances: (1) "where a prison warden incorrectly implied that an inmate needed access to a nearly unobtainable prison policy in order to bring a timely administrative appeal," *Albino*, 2014 WL 1317141, at * 8 (citing *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)); (2) "where prison officials declined to reach the merits of a particular grievance 'for reasons inconsistent with or unsupported by applicable regulations,'" *id*. (citing *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010)); (3) where "the inmate did not have access to the necessary grievance forms within the prison's time limits for filing a grievance;" *id*. (citing *Marella v. Terhune*, 568 F.3d 1024, 1027-28 (9th Cir. 2009)); (4) where the inmate is "reliably informed" the remedy is not available to him, *id*. (citing *Marella*, 568 F.3d at 1027).

Now, when the court reinstates a deadline for Plaintiff to file and serve his response to Defendants' motion, Plaintiff is aware of his burden in opposing Defendants' motion. Plaintiff should also be advised that under Rule 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing Defendants' motion, Plaintiff must support his position by: "citing to particular parts of materials in the record, including

---

[3] Referring to *Jones v. Bock*, 549 U.S. 199 (2007).

depositions, documents, electronically stored information, affidavits or declarations, stipulations...admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c)(1)(A), or "showing that the materials cited [by the defendants] do not establish the absence...of a genuine dispute, or that [the defendants] cannot produce admissible evidence to support the fact, Fed. R. Civ. P. 56(c)(1)(B). If Plaintiff intends to use an affidavit or declaration to support your response, it must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

### III. CONCLUSION

(1) Insofar as Defendants have made a request to convert their motion to dismiss into a motion for summary judgment in their notice of intervening law (Doc. # 246), that request is **GRANTED** and the motion (Doc. # 177) is hereby **CONVERTED** into one for summary judgment.

(2) The deadline for Plaintiff to respond to Defendants' motion (Doc. # 177) is **VACATED**. Therefore, to the extent Plaintiff has filed a motion asking about the status of his response (Doc. # 243) and has requested a stay of briefing on the motion to dismiss (Doc. # 245), these motions are **DENIED** as moot.

(3) The court will reinstate the deadline for Plaintiff to respond to Defendants' motion once it has had a chance to thoroughly assess the remaining pending motions.

(4) The **Clerk** shall **SEND** Plaintiff a copy of the docket, current through the date of this Order.

(5) The **Clerk** shall **SEND** Plaintiff a copy of Defendants' dispositive motion (Doc. # 177) and all exhibits (Docs. # 177-1 through 177-12) as well as all joinders (Docs. # 200, # 229). As such, Plaintiff's motion requesting a copy of defendant Banchi's joinder (Doc. # 239) is **DENIED** as moot.

**IT IS SO ORDERED**.
DATED: May 1, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE