# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, | 3:12-cv-000534-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| MARY WALSH, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion for Assistance. (Doc. # 197.)[1] While Plaintiff has directed the motion to United States District Judge Du, the undersigned Magistrate Judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A). *See* 28 U.S.C. § 636(b)(1); LR IB 1-3. Therefore, the undersigned will consider and finally determine this motion which is not an enumerated exception in 28 U.S.C. § 636(b)(1)(A).

In this motion, Plaintiff states that he does not understand complicated legal documents as he is not educated in the law, and asks to have a discussion regarding his incompetence. (Doc. # 197.)

This motion seeks no cognizable form of relief. To the extent Plaintiff seeks the appointment of counsel, his numerous requests for the appointment of counsel have been denied to date. Plaintiff is very familiar at this point with the standard federal district court judges and magistrate judges are confronted with in determining whether to appoint counsel. Plaintiff has still not demonstrated extraordinary circumstances that justify the appointment of counsel, *i.e.*, a likelihood of success on the merits and an inability to articulate his claims in light of complex legal issues. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted).

---

[1] Refers to court's docket number.

1  The court acknowledges Plaintiff is untrained in the law; however, this is the reality of nearly every pro se inmate plaintiff that comes before the court. Plaintiff represents that he has been ineffective advocate for himself because the court has pointed out errors in his submissions. (Doc. # 197 at 1-2.) While the court has certainly pointed out flaws in some of Plaintiff's filings, it recognizes that Plaintiff is proceeding pro se and is not an experienced lawyer, and points out flaws in his submissions so they can be corrected in future filings. In any event, the court remains convinced that Plaintiff remains sufficiently competent to navigate his way through this action.

As to the complexity component of the standard for appointing counsel, this case is complex in the sense that Plaintiff has included a large number of defendants and claims and has filed a considerable number of documents; however, these are matters for which Plaintiff is directly responsible. The substantive claims involved in this action are not unduly complex.

Finally, while Plaintiff presupposes that he is likely to succeed on the merits, he has yet to demonstrate by attributing relevant facts to the applicable legal elements that is indeed the case.

Therefore, Plaintiff's motion for assistance (Doc. # 197) is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 2, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE