# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MARY WALSH, et. al.,<br><br>　　　　　　　Defendants. | 3:12-cv-00534-MMD-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Motion for Assistance. (Doc. # 213.)[1] In this document, Plaintiff states that the U.S. Marshal's Office returned a summons unexecuted as to defendant Tice, and asks how he should proceed. (*Id*.)

## I. BACKGROUND

Plaintiff previously filed a motion to effect service on any unserved defendants (Doc. # 181) after being notified by the Attorney General's Office that it was not authorized to accept service on behalf of defendant Tice (Doc. # 144). As a result, the court ordered the Clerk to issue summonses for unserved defendants, including Tice, and send them to the U.S. Marshal for service with the address provided under seal by the Attorney General's Office. (Doc. # 186.) The summons was issued for Tice on February 6, 2014. (Doc. # 187.)

The service return came back unexecuted as to Tice on February 27, 2014, stating that Tice could not be located at the address provided. (Doc. # 206.) On March 7, 2014, Plaintiff filed this motion asking how to proceed with service on Tice. (Doc. # 213.)

## II. DISCUSSION

The court has gone back and reviewed the submission of the address of Mr. Tice, filed under seal by the Attorney General's Office, and notes that the address provided is for a post

---

[1] Refers to court's docket number.

1    office box.

2    Preliminarily, a plaintiff may request that a person subject to service under Federal Rule
3    of Civil Procedure 4(e), governing service of process on individuals, waive service of a summons
4    if done in writing and pursuant to the instructions contained in Rule 4(d)(1). Fed. R. Civ. P.
5    4(d)(1)(A)-(G). Assuming these requirements are met, that person "has a duty to avoid
6    unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). If a defendant refuses to
7    waive service of the summons without good cause, the court may impose those expenses later
8    incurred in making service. Fed. R. Civ. P. 4(d)(2).

9    In addition, Federal Rule of Civil Procedure 4(e) states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) by doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

18    In Nevada, an individual must be personally served and copies of the summons and
19   complaint may be left at the individual's dwelling house or usual place of abode with a person of
20   suitable age and discretion, or delivered to an agent authorized by appointment or law to receive
21   service of process. N.R.C.P. 4(d)(6).

22   Neither the Federal Rules of Civil Procedure nor Nevada Rules of Civil Procedure
23   contemplate personal service of an individual via a post office box. As such, the court directs
24   defense counsel to review with its client the records for Mr. Tice and determine whether it has
25   another last known address for Mr. Tice that is a physical address and not a post office box.
26   Then, **within ten days** of the date of this Order, defense counsel shall file a statement as to
27   whether such address exists, and if it does, the address shall be filed under seal within the same
28   time parameters. If such an address does exist, the court will enter an additional order for

issuance of sufficient copies of the summons and complaint to be sent to Mr. Tice via first class mail requesting a waiver of service of summons in accordance with Rule 4(d). If Mr. Tice fails to respond to the request for waiver, the court will issue an additional order for issuance of copies of the summons and complaint and necessary forms required for the U.S. Marshal to serve Mr. Tice at a last known physical address in accordance with Rule 4(e).

If it turns out that NDOC is not in possession of a last known physical address for Mr. Tice or that service cannot be effectuated by the above-described means, it is incumbent upon Plaintiff to either use other means to locate Mr. Tice's present physical address and if after exercising due diligence in attempting to serve Mr. Tice personally he is unsuccessful, to proceed with a motion for service by publication under Nevada law.

For Plaintiff's information, Nevada law provides that if "after due diligence" the person the party is seeking to serve cannot "be found within the state" and that fact is made in an affidavit "to the satisfaction of the court or judge thereof" and it appears "either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons." N.R.C.P. 4(e)(1)(i). Publication is made in a "newspaper, published in the State of Nevada...for a period of 4 weeks, and at least once a week during said time." N.R.C.P. 4(3)(1)(iii).

Nevada courts look at several factors in evaluating whether a party seeking service by publication has demonstrated due diligence, including the number of attempts made to serve the defendant at his or her residence and other methods use to locate the defendant, such as consulting public directories. *See Abreu v. Gilmer*, 985 P.2d 746, 747, 115 Nev. 308, 311 (1999); *McNair v. Rivera,* 874 P.2d 1240, 1241, 110 Nev. 463, 464 (1994); *Price v. Dunn*, 787 P.2d 785, 786-87, 106 Nev. 100, 103 (1990).

In addition:

> [W]here the residence of a[n]...absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at the person's place of residence. The service of summons shall be deemed complete in cases of publication at the expiration of 4 weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the

expiration of 4 weeks from such deposit.

N.R.C.P. 4(e)(1)(iii).

### III. CONCLUSION

Defense counsel is directed to consult with its client to review its records and determine whether it has a last known address for Mr. Tice that is other than the post office box previously provided in Doc. # 146, and within **ten days** of the date of this Order shall file a statement indicating whether it has such an address or not. If NDOC is in possession of such an address, defense counsel shall file it under seal within the same time parameters. The court will issue any necessary orders or hold any necessary hearings once this has been done. This shall **terminate** Plaintiff's motion (Doc. # 213).

**IT IS SO ORDERED**.

Dated: May 2, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE