# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MARY WALSH, et. al.,<br><br>　　　　　　　　　　Defendants. | 3:12-cv-00534-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is Plaintiff's Motion for Injunction. (Doc. # 231.)[1]

## I. BACKGROUND

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). (*Id*.; Screening Order, Doc. # 44.)

Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi, Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster, Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes, Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn, Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie

---

[1] Refers to court's docket number.

1   Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth
2   "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)
3       Plaintiff has also named defendants Brown and Thompson; however, the Attorney
4   General's Office has not accepted service on behalf of those individuals and they have not yet
5   been served. (*Id.*) Plaintiff has also named Randy Tice, but service has not yet been effectuated
6   as to that individual. (*See* Docs. # 206, # 254.)
7       On screening, the court determined Plaintiff could proceed with claims for retaliation,
8   Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth
9   Amendment deliberate indifference to a serious medical need, due process, and First Amendment
10  speech and religious rights claims against these defendants. (Doc. # 44.)
11      In this motion, Plaintiff asserts that defendants Baker, Foster and Cox came to his cell on
12  March 19, 2014 and told him that he would be punished if he continued to file grievances. (Doc.
13  # 231 at 1.) He does not specify what relief he seeks, other than requesting a hearing before
14  Judge Du. (*Id.* at 4.)

## II. DISCUSSION

16  Plaintiff has filed numerous motions for injunctions in this action, and is well aware of
17  the legal standard required for the issuance of such relief. A preliminary injunction is an
18  "extraordinary and drastic remedy" that is never awarded as a right. *Munaf v. Geren,* 553 U.S.
19  674, 689-90 (2008). Instead, courts must "balance competing claims of injury and...the effect of
20  the granting or withholding of the requested relief." *Winter v. Natural Resources Defense*
21  *Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal quotation marks omitted). A plaintiff
22  seeking an injunction must demonstrate: (1) a likelihood of success on the merits; (2) a
23  likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of
24  equities tips in his or her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at
25  20. Plaintiff has not addressed any of these factors establishing he is entitled to injunctive relief.
26  Moreover, Plaintiff has been advised on multiple occasions that a request for injunctive
27  relief filed in *this* action must be related to the claims proceeding in *this* action. *See, e.g., Little v.*
28  *Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th

1  Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997).
2  *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). This action involves claims brought
3  under the Eighth and First Amendments concerning alleged conduct that occurred while Plaintiff
4  was housed at ESP and NNCC in 2012. (*See* Doc. # 44.)

5        While Plaintiff's action does include a claim that he was retaliated against for filing
6  grievances on October 4, 2012 (*see* Doc. # 44 at 9-10), what Plaintiff describes in this motion is
7  a separate and distinct incident that occurred well after his operative complaint was filed. This
8  action is difficult enough to manage with the number of parties and claims currently involved
9  such that the court is not inclined to allow Plaintiff to amend at this late juncture to add in new
10  claims that are only tangentially related to the causes of action that are proceeding. If he is
11  claiming that this conduct constitutes a new constitutional violation, either in the form of
12  retaliation for filing grievances or a lawsuit or a denial of his right to access the courts which has
13  resulted in actual injury, Plaintiff's remedy is to file a new action asserting any alleged new
14  constitutional violations. Accordingly, the court recommends that Plaintiff's motion (Doc. # 231)
15  be denied.

### IV. RECOMMENDATION

17  **IT IS HEREBY RECOMMENDED** that the District Judge issue an order **<u>DENYING</u>**
18  Plaintiff's Motion for Injunction (Doc. # 231).

19        The parties should be aware of the following:

20        1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
21  this Report and Recommendation within fourteen days of receipt. These objections should be
22  titled "Objections to Magistrate Judge's Report and Recommendation" and should be
23  accompanied by points and authorities for consideration by the district judge.

24        2. That this Report and Recommendation is not an appealable order and that any notice of
25  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
26  until entry of judgment by the district court.

DATED: May 6, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE