UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN,<br><br>                                    Plaintiff,<br><br>     v.<br><br>MARY WALSH, et. al.<br><br>                                    Defendants. | 3:12-cv-00534-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE**<br><br>**RE: DOC. # 203** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is Plaintiff's Motion for Mandamus (Administrative Procedures Act). (Doc. # 203.)[1]

## I. BACKGROUND

**A. Summary of Action**

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). (*Id*.; Screening Order, Doc. # 44.)

Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi, Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster, Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes, Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn, Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger

---

[1] Refers to court's docket number.

Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

Plaintiff has also named defendants Brown and Thompson; however, the Attorney General's Office has not accepted service on behalf of those individuals and they have not yet been served. (*Id.*) Plaintiff has also named Randy Tice, but service has not yet been effectuated as to that individual. (*See* Docs. # 206, # 254.)

On screening, the court determined Plaintiff could proceed with claims for retaliation, Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth Amendment deliberate indifference to a serious medical need, due process, and First Amendment speech and religious rights claims against these defendants. (Doc. # 44.)

**B. Summary of Motion**

This motion describes four incidents regarding which Plaintiff seeks relief: (1) on February 14, 2014, three legal boxes for this case were taken by Defendants and Plaintiff cannot respond to Defendants' pending dispositive motion; (2) defendants Cox, Foster, Baker, Byrne, Sandoval, Young and Oxborrow, have obstructed Plaintiff's ability to exhaust his administrative remedies through the grievance process; (3) Dr. Koehn, is denying Plaintiff medical treatment and medication, and Plaintiff has filed kites to which defendants Cox, Foster, Baker, Byrne, and Sandoval have failed to respond; and (4) defendants Cox, Foster, Baker, Byrne, Sandoval, Oxborrow and Young are obstructing Plaintiff's access to law library provisions and to the courts. (Doc. # 203 at 1-5.) Plaintiff attaches various documents in support of his assertions. (*Id.* at 11-45.)

Plaintiff requests an order: (1) compelling Defendants to return his legal boxes; (2) requiring Defendants to provide Plaintiff with all of the grievance forms necessary to exhaust his administrative remedies; (3) compelling Defendants to stop obstructing his access to legal and law library provisions and access to the courts, including copies, documents, forms and supplies; (4) compelling Defendants, the NDOC and Inspector General to investigate this conduct; and (5) to provide Plaintiff with a copy of this motion because Defendants would not

allow him to make a copy for himself. (*Id*. at 9-10.)

## II. DISCUSSION

**A. Legal Standard**

Plaintiff brings his request for relief as a "Motion for Mandamus" with a reference to the Administrative Procedures Act. (*See* Doc. # 194 at 1.) The Administrative Procedures Act (APA), 5 U.S.C. § 500, *et. seq.*, governs the way administrative agencies of the federal government propose and establish regulations, and sets up a process for the United States federal courts to review agency decisions. The APA has no application to this action. Therefore, the court construes Plaintiff's motion as a request for injunctive relief.

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a right. *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance competing claims of injury and...the effect of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal quotation marks omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff has not addressed any of these factors establishing he is entitled to injunctive relief.

Moreover, Plaintiff has been advised on multiple occasions that a request for injunctive relief filed in *this* action must be related to the claims proceeding in *this* action. *See, e.g., Little v. Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997). *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). This action involves claims brought under the Eighth and First Amendments concerning alleged conduct that occurred while Plaintiff was housed at ESP and NNCC in 2012. (*See* Doc. # 44.)

**B. Taking of Legal Boxes on February 14, 2014**

To the extent Plaintiff is alleging that the taking of his legal boxes was retaliatory, this is a new claim that needs to be asserted in a new action. It is not a proper subject for injunctive

relief in *this* action. Insofar as Plaintiff claims that this has precluded him from responding to Defendants' pending motion to dismiss, the court has issued a separate order requiring Defendants' to respond to this claim and will set the matter for a hearing, if necessary. The court will review Defendants' response and any reply filed by Plaintiff; however, the court anticipates allowing Plaintiff reasonable access to grievance documentation necessary to respond to Defendants' motion.

**C. Access to Grievance Forms**

Plaintiff claims he has been denied required grievance forms necessary to exhaust his administrative remedies and to do so in a timely fashion.

Insofar as Plaintiff is asserting that this violates his constitutional right of access to the courts, this claim needs to be asserted in a new action. "Prisoners have the 'right[] to litigate without active *interference*,' *Silva v. Di Vittorio,* 685 F.3d 1090, 1102 (9th Cir. 2011), a guarantee that exists so prisoners have a 'viable mechanism to remedy prison injustices.'" *Blaisdell v. Frappiea*, 729 F.3d 1237 (9th Cir. 2013) (citation omitted) (alteration and emphasis original). Plaintiff should be aware, however, that an access to courts claim requires a showing of "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation omitted). "Actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Id*. at 348.

To the extent Plaintiff claims the taking of his legal documentation has precluded him from bringing a new action or amending the current operative complaint in this action to assert new claims against existing defendants, Plaintiff is reminded that he is only required to exhaust *available* administrative remedies. *See Albino v. Baca*, --- F.3d ---, 2014 WL 1317141, at * 8 (9th Cir. Apr. 3, 2014) (citation omitted) (confirming it is the "defendant's burden to prove there was an available administrative remedy, and that the prisoner did not exhaust that available remedy...Once the defendant has carried that burden...the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him").

If Plaintiff claims that Defendants have effectively precluded him from exhausting his

administrative remedies by taking his grievance documentation, he can assert that in response to an exhaustion defense raised by a defendant, but that should not preclude Plaintiff from filing the action or motion for leave to amend if he has in fact been precluded from exhausting his administrative remedies. *See id.* The same is true regarding the provision of grievance documentation forms. *See id.* at * 8 (citing *Marella v. Terhune*, 568 F.3d 1024 (9th Cir. 2009) (per curiam) (reversing dismissal of PLRA case for failure to exhaust because inmate did not have access to necessary grievance forms within the prison's time limits for filing a grievance)). This may serve to refute any claim that Plaintiff has suffered an actual injury as a result of the alleged conduct.

In sum, Plaintiff's request for injunctive relief in this action related to the provision of grievance forms should be denied.

**D. Medical Treatment**

Plaintiff claims that Dr. Koehn has denied him medical care and medication. (Doc. # 203 at 3.) He claims that he notified defendants Cox, Foster, Baker, Byrne and Sandoval of this to no avail. (*Id*.) He includes a medical kite addressed to Dr. Koehn where he states that he was denied his prescribed eye drops by a nurse on February 15, 2014, and could not get his medication. (Doc. # 203 at 20.) He accuses Dr. Koehn of retaliating against him and requests his medication. (*Id*.) He references another kite dated February 16, 2014, again addressed to Dr. Koehn, stating that he was being denied medical treatment and provisions, again claiming he was being retaliated against for filing a federal civil complaint against him. (*Id*. at 21.) He submits a third kite on February 17, 2014, telling Dr. Koehn to stop retaliating against him and requesting medical treatment. (*Id*. at 22.) Plaintiff has filed a fourth kite, dated February 19, 2014, asking Dr. Koehn if he would provide medical treatment if Plaintiff dismissed him from the complaint. (*Id*. at 23.)

Next, Plaintiff provides the court with a letter he asserts was sent to defendants Baker, Byrne, Sandoval, Cox, and Foster, attaching the four medical kites described above, and advising them of the denial of medical treatment and retaliation. (*Id*. at 24.)

These allegations constitute *new* claims for alleged deliberate indifference to a serious

1 medical need under the Eighth Amendment and retaliation that should be asserted in a separate
2 action. They are not related to the allegations proceeding in *this* action; therefore, Plaintiff's
3 request for injunctive relief related to these allegations should be denied.

**E. Access to Law Library Provisions and the Courts**

Plaintiff claims that he has been denied access to law library provisions as well as the courts. (Doc. # 203 at 4-5.) He attaches documentation whereby he claims to have notified the defendants of these violations of his rights. (*Id*. at 25-45.)

On February 20, 2014, Plaintiff sent a notice to defendants Young, Baker, Byrne, and the ESP law library, stating that they denied Plaintiff the ability to copy legal documents in this case. (Doc. # 203 at 25.) He asserted that they claimed that the form was filled out incorrectly or that he was using the wrong form even though he had filled out the form in the same manner previously with no problems and used the forms provided by the prison. (*Id*. at 25-26.) He also claimed he was asked how the documents pertain to his case, and he contends this is not germane to whether he can make copies to be submitted to the court. (*Id*. at 25.) He contended that his legal documents have been held for three days, and are not returned in time for Plaintiff to put them in the evening mail pick up. (*Id*. at 26.) Plaintiff then stated that he was denied the ability to copy documents, including medical kites, to destroy the original so that there is no proof of the document's existence. (*Id*.) He claimed that this would result in his missing a federal court deadline. (*Id*. at 27.) He made further reference to a habeas case, federal disability case, and small claims action. (*Id*.)

Plaintiff then provides the court with NDOC law library case law print request forms that were returned stating that he was using an incorrect form, request forms returned as being filled out incorrectly, and forms where he was asked how an item pertained to his case. (*Id*. at 29-34.)

Finally, Plaintiff supports his motion with an emergency grievance form and notices where he stated that this conduct was retaliatory. (Doc. # 203 at 35-45.)

Insofar as Plaintiff is asserting new claims for retaliation and denial of his right of access to the courts, they need to be raised in a separate action as they concern conduct that occurred more than a year after the complaint was filed. The courts comments above regarding "actual

- 6 -

1  injury" apply equally to these allegations. Plaintiff's request for injunctive relief, including a
2  blanket order that these individuals be compelled to stop obstructing his access to legal forms
3  and provisions should be denied as it is not properly brought in this action.

4  Despite this finding, of concern to the court is a response to a request for copying
5  Plaintiff submitted in support of this motion where Plaintiff was told that he could not obtain
6  copies of a medical kite unless it was filled out by staff. (Doc. # 203 at 34.) The apparent
7  quandary in which Plaintiff claims to be immersed raises several hypothetical yet problematic
8  questions for the court. If a plaintiff were claiming that a defendant was deliberately indifferent
9  to a serious medical need because he constantly complained of medical issues in kites but
10 received no response, how could the plaintiff prove that claim if he were not permitted to copy
11 and submit to the court the kites that he claims he submitted but then received no response?
12 Similarly, if an inmate were asserting in opposition to a motion raising an exhaustion defense
13 that he did file particular grievances but never received a response or was otherwise obstructed
14 from responding, how could the inmate prove his position without being able to submit the
15 grievance documentation he claims that he submitted but to which he received no response? Isn't
16 it the province of the Attorney General's Office in responding to such an argument as counsel for
17 a defendant to contest the validity of such a document?  Is it therefore improper for prison
18 officials and employees to be making that determination?

19 The court will issue a separate order asking Defendants to address this issue and will
20 conduct a hearing, if necessary, and issue any further order or report and recommendation
21 deemed necessary. That order will include a provision directing the Clerk to send Plaintiff a copy
22 of his motion (Doc. # 203) as he contends Defendants precluded him from making a copy and his
23 original was submitted to the court for filing.

24 ///
25 ///
26 ///
27 ///
28 ///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order **DENYING** Plaintiff's Motion for Mandamus (Administrative Procedures Act) (Doc. # 203).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 12, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE