# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MARY WALSH, et. al.,<br><br>　　　　　　　　　　Defendants. | 3:12-cv-00534-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is Plaintiff's "Motion for Immed TPO to Hostile/Dangerous Environments by the Defendants." (Doc. # 227.)[1]

## I. BACKGROUND

**A. Summary of Action**

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). (*Id.*; Screening Order, Doc. # 44.)

Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi, Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster, Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes, Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn,

---

[1] Refers to court's docket number.

1  Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger
2  Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie
3  Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth
4  "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

5  Plaintiff has also named defendants Brown and Thompson; however, the Attorney
6  General's Office has not accepted service on behalf of those individuals and they have not yet
7  been served. (*Id*.) Plaintiff has also named Randy Tice, but service has not yet been effectuated
8  as to that individual. (*See* Docs. # 206, # 254.)

9  On screening, the court determined Plaintiff could proceed with claims for retaliation,
10 Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth
11 Amendment deliberate indifference to a serious medical need, due process, and First Amendment
12 speech and religious rights claims against these defendants. (Doc. # 44.)

13 **B. Summary of Motion**

14 In this motion, Plaintiff asserts that on March 12, 2014, Senior Correctional Officer
15 Mitchell and Correctional Officer Rowley took Plaintiff to the shower, and after he was locked in
16 Correctional Officer Brown shouted, "get him good" from the control unit. (Doc. # 227 at 1.)
17 When Plaintiff was taken back to his cell over forty-give minutes later, he contends that
18 thousands of his legal documents were scattered about the floor of his cell. (*Id*.) He started to
19 have chest pain and screamed for medical help and the officers just laughed at him. (*Id*.) He
20 pressed the emergency button over twenty times and Correctional Officer Brown asked him what
21 the emergency was and Plaintiff responded that he had chest pain. (*Id*. at 2.) Brown refused to do
22 anything. (*Id*.) Plaintiff claims that he fell to the floor unconscious and woke up an hour and a
23 half later with a head injury, and again pressed the emergency button to no avail. (*Id*.)

24 Plaintiff suffered extreme pain and no one would provide him with medical care. (*Id*.)
25 Later on, he observed that many of his legal documents and supplies were missing, destroyed or
26 stolen. (*Id*. at 3.) The Defendants' dispositive motion was removed and thrown all over the floor.
27 (*Id*.) Doc. # 69-2 was likewise scattered all over the floor with some pages missing. (*Id*.) Plaintiff
28 also contends that his clothing and food were tampered with. (*Id*.)

1  Plaintiff requests an immediate emergency hearing with Judge Du, that the United States
2 Attorney General be instructed to file criminal charges, that he be provided with immediate
3 protection and the appointment of counsel. (*Id*. at 8.) Finally, he asks for a copy of his motion
4 because he claims Defendants refuse to make him copies. (*Id*.) He attaches copies of grievances
5 about the issues raised in this motion. (*Id*. at 10-29.)

## II. DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a right. *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance competing claims of injury and...the effect of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal quotation marks omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Plaintiff has not addressed any of these factors establishing he is entitled to injunctive relief.

Moreover, Plaintiff has been advised on multiple occasions that a request for injunctive relief filed in *this* action must be related to the claims proceeding in *this* action. *See, e.g., Little v. Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997). *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

This action involves claims brought under the Eighth and First Amendments concerning alleged conduct that occurred while Plaintiff was housed at ESP and NNCC in 2012. (*See* Doc. # 44.) Plaintiff's request for injunctive relief involves alleged claims of deliberate indifference to a serious medical need, access to courts and retaliation that occurred in March 2014. These are new claims that need to be asserted in a new action. Therefore, Plaintiff's motion (Doc. # 227) should be denied. The court has addressed via separate order Plaintiff's contentions that he

cannot respond to Defendants' pending dispositive motion as a result of the asserted disruption of his legal files. The court will also issue a separate order addressing Plaintiff's request for a copy of his motion as he contends Defendants did not allow him to make a copy for his records.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order **DENYING** "Motion for Immed TPO to Hostile/Dangerous Environments by the Defendants" (Doc. # 227).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 12, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE