**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH HATLEN, | 3:12-cv-00534-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| MARY WALSH, et. al., | |
| Defendants. | |

On May 5, 2014, the court issued an order directing Defendants to respond to Plaintiff's Motion for Documents (Doc. # 220). (Order, Doc. # 252.) In that motion, Plaintiff claims that Defendants will not copy documents he needs to support a motion he sought to file in this court. (Doc. # 220.) Of particular concern to the court in that motion is Plaintiff's assertion that when he was requesting copies of a document to include with a court filing he was told that NDOC would not copy an informal grievance that had not been responded to by staff. (*Id*.)

Plaintiff has filed another motion (Doc. # 203), which references, among other issues, a similar representation made by NDOC with respect to kites that were not filled out by staff. The court has issued a separate report and recommendation to the extent that motion (Doc. # 203) is asserting new claims for alleged constitutional violations. However, the court expressed its concern in that report and recommendation regarding this alleged conduct and the effect it may have on Plaintiff's ability to prove his claims or respond to Defendants' motions in this action.

Specifically, the court raised the following hypothetical questions:

(1) If a plaintiff were claiming that a defendant was deliberately indifferent to a serious medical need because he constantly complained of medical issues in kites but received no response, how could the plaintiff prove that claim if he were not permitted to copy and submit to the court the kites that he claims he submitted but then received no response?

(2) If an inmate were asserting in opposition to a motion raising an exhaustion defense that he did file particular grievances but never received a response or was otherwise obstructed from responding, how could the inmate prove his position without being able to submit the grievance documentation he claims that he submitted but to which he received no response?

(3) Isn't it the province of the Attorney General's Office in responding to such an argument as counsel for a defendant to contest the validity of such a document?

(4) Is it therefore improper for prison officials and employees to be making that determination?

In preparing their response to Doc. # 220 (as directed in Doc. # 252), Defendants **shall** also address the related questions set forth above and raised by the court in the report and recommendation issued regarding Doc. # 203.

Finally, the Clerk is directed to **send** Plaintiff a copy of Doc. # 203.

**IT IS SO ORDERED.**

DATED: May 12, 2014

_William G. Cobb_
_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE