## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| KENNETH HATLEN, | 3:12-cv-00534-MMD-WGC |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| MARY WALSH, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is Plaintiff's "'Emergency' Motion for Courts to Protect this Plaintiff from the Defendants." (Doc. # 237.)[1] He filed a "Motion to Supplement Missing/Stolen Legal Documents."  (Doc. # 240.)

## I. BACKGROUND

**A. Summary of Action**

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). (*Id*.; Screening Order, Doc. # 44.)

Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi, Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster, Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes, Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn,

---

[1] Refers to court's docket number.

1  Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger
2  Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie
3  Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth
4  "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

Plaintiff has also named defendants Brown and Thompson; however, the Attorney General's Office has not accepted service on behalf of those individuals and they have not yet been served. (*Id*.) Plaintiff has also named Randy Tice, but service has not yet been effectuated as to that individual. (*See* Docs. # 206, # 254.)

On screening, the court determined Plaintiff could proceed with claims for retaliation, Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth Amendment deliberate indifference to a serious medical need, due process, and First Amendment speech and religious rights claims against these defendants. (Doc. # 44.)

**B. Summary of Motion**

In this motion, Plaintiff asserts that on March 25, 2014, defendant Homan[2] came to his cell on behalf of Warden Baker and said that Plaintiff had been informing the court of Plaintiff's misconduct and that the Attorney General's Office had instructed the prison to "take care of the problem" so Homan said he would take Plaintiff to the infirmary. (Doc. # 237 at 1.) Plaintiff refused. (*Id*.)

Then, on March 26, 2014, Dr. Koehn came to Plaintiff's unit and said he was going to force Plaintiff into the infirmary, and Plaintiff contested, to no avail. (*Id*. at 3.) Defendant Brown then put Plaintiff in a locked shower in restraints, and he fell and injured himself. (*Id*.) In the process of being taken to the infirmary on a stretcher, he was further injured. (*Id*.) Then, Plaintiff contends that Dr. Koehn failed to provide adequate medical treatment. (*Id*. at 3-4.) He was told he was being punished for contacting the court. (*Id*.)

Plaintiff goes on to assert that defendant Jackson gave him a sharp object and told Plaintiff to kill himself, and Plaintiff gave himself six to eight lacerations into his left arm;

---

[2] Plaintiff refers to this individual as "defendant Homan;" however, there is no defendant Homan named in this action to date. (*See* Doc. # 237 at 1.)

1 however, Homan and others who observed him provided no medical treatment. (*Id*.)

2 Plaintiff claims that he was told that while he was in medical his legal documents and
3 property would be taken by Associate Warden Fletcher on March 26, 2014, who said they would
4 be returned to Plaintiff the following day. (*Id*. at 5.) On March 27, 2014, Plaintiff was given
5 seven legal boxes and property in the infirmary, but it had been damaged, destroyed, and stolen.
6 (*Id*.) These included Defendants' dispositive motion, Plaintiff's rough draft responding to the
7 motion and grievances related to the response to the motion, among other documents that he
8 contends are relevant to this case and other cases, his family photos, clothes, letters, poems,
9 drawings, food, linens, canteen receipts and legal supplies. (*Id*. at 5-9, 12.)

10 Next, Plaintiff contends that Oxborrow, Healer, Baker, Byrne, Foster and Cox returned
11 approximately 200 grievances to Plaintiff with a five day time period to respond, and forged
12 Plaintiff's signature and the receipt date so that Plaintiff effectively only had three days to
13 respond. (*Id*. at 11.)

14 In his supplemental motion, Plaintiff references additional grievance documentation and
15 contends that defendant Byrne forged Plaintiff's name on grievances and refused to return the
16 referenced grievances. (Doc. # 240 at 1.) Plaintiff contends he has been denied original copies of
17 these grievances. (*Id*.) at 2.)

18 **II. DISCUSSION**

19 The court interprets Plaintiff's motion as a request for injunctive relief. A preliminary
20 injunction is an "extraordinary and drastic remedy" that is never awarded as a right. *Munaf v.*
21 *Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance competing claims of injury
22 and...the effect of the granting or withholding of the requested relief." *Winter v. Natural*
23 *Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal quotation marks
24 omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of success on the
25 merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the
26 balance of equities tips in his or her favor; and (4) an injunction is in the public interest. *Winter*,
27 555 U.S. at 20. Plaintiff has not addressed any of these factors establishing he is entitled to
28 injunctive relief.

1     Moreover, Plaintiff has been advised on multiple occasions that a request for injunctive relief filed in *this* action must be related to the claims proceeding in *this* action. *See, e.g., Little v. Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997). *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

    This action involves claims brought under the Eighth and First Amendments concerning alleged conduct that occurred while Plaintiff was housed at ESP and NNCC in 2012. (*See* Doc. # 44.) In these motions, Plaintiff is asserting *new* claims for alleged violation of the Eighth Amendment, retaliation, access to courts and interference with his property. This action has been pending since October 2012, and includes over forty defendants and numerous claims. In order to try to effectively manage this action so that it may proceed toward resolution and in fairness to all participants, the pleadings need to be finalized. If Plaintiff seeks relief regarding these new allegations, they need to be asserted in a new action. If Plaintiff feels that he is entitled to injunctive relief in that action, he should file a new complaint, along with a motion for injunctive relief that addresses the factors outlined above.

    To the extent Plaintiff raises issues about being able to respond to Defendants' pending dispositive motion in this action, the court has issued separate orders to address that concern and will handle it accordingly. The court will review the briefing on that issue but intends to allow Plaintiff reasonable access to all grievance documentation that is necessary to respond to Defendants' pending dispositive motion. The logistical details concerning this review will be discussed in that context. The court has also issued a separate order to address Plaintiff's contention that prison officials are not allowing him to make copies of filings so that he may retain them for his records.

    In sum, the court recommends that Plaintiff's motions (Doc. # 237, # 240) be denied.

### III. RECOMMENDATION

    **IT IS HEREBY RECOMMENDED** that the District Judge issue an order **DENYING** Plaintiff's "'Emergency' Motion for Courts to Protect this Plaintiff from the Defendants" (Doc. # 237) and "Motion to Supplement Missing/Stolen Legal Documents" (Doc. # 240).

1  The parties should be aware of the following:

2  1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
3  this Report and Recommendation within fourteen days of receipt. These objections should be
4  titled "Objections to Magistrate Judge's Report and Recommendation" and should be
5  accompanied by points and authorities for consideration by the district judge.

6  2. That this Report and Recommendation is not an appealable order and that any notice of
7  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
8  until entry of judgment by the district court.

DATED: May 12, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE