1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH HATLEN,

Plaintiff,

v.

MARY WALSH, et. al.,

Defendants.

3:12-cv-00534-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

**RE: DOC. # 256**

12   This Report and Recommendation is made to the Honorable Miranda M. Du, United

13   States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to

14   28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is

15   Plaintiff's "Notification to Court; Motion for Injunction Relief." (Doc. # 256.)[1]

16   **I. BACKGROUND**

17   **A. Summary of Action**

18   At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of

19   Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took

20   place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional

21   Center (NNCC). (*Id*.; Screening Order, Doc. # 44.)

22   Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi,

23   Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam

24   Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster,

25   Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes,

26   Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn,

27   Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger

28

---

[1] Refers to court's docket number.

1  Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie

2  Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth

3  "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

4        Plaintiff has also named defendants Brown and Thompson; however, the Attorney

5  General's Office has not accepted service on behalf of those individuals and they have not yet

6  been served. (*Id.*) Plaintiff has also named Randy Tice, but service has not yet been effectuated

7  as to that individual. (*See* Docs. # 206, # 254.)

8        On screening, the court determined Plaintiff could proceed with claims for retaliation,

9  Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth

10  Amendment deliberate indifference to a serious medical need, due process, and First Amendment

11  speech and religious rights claims against these defendants. (Doc. # 44.)

12  **B. Summary of Motion**

13        In this motion, Plaintiff asserts that defendants Foster, Baker and Byrne have threatened

14  Plaintiff with fraudulent disciplinary charges if he submits grievances so that Plaintiff cannot

15  exhaust his administrative remedies. (Doc. # 256.)

16                     **II. DISCUSSION**

17        A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded

18  as a right. *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance

19  competing claims of injury and...the effect of the granting or withholding of the requested relief."

20  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal

21  quotation marks omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of

22  success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary

23  relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public

24  interest. *Winter*, 555 U.S. at 20. Plaintiff has not addressed any of these factors establishing he is

25  entitled to injunctive relief.

26        Moreover, Plaintiff has been advised on multiple occasions that a request for injunctive

27  relief filed in *this* action must be related to the claims proceeding in *this* action. *See, e.g., Little v.*

28  *Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th

1    Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997).

2    *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). This action involves claims brought

3    under the Eighth and First Amendments concerning alleged conduct that occurred while Plaintiff

4    was housed at ESP and NNCC in 2012. (*See* Doc. # 44.)

5            In this motion, Plaintiff is attempting to assert new claims for retaliation and for violation

6    of his right of access to the courts related to conduct he contends occurred in April 2014. To the

7    extent he seeks to raise new claims, they need to be asserted in a separate action. With respect to

8    his alleged claim of violation of his right of access to courts that resulted from these individuals

9    not allowing Plaintiff to exhaust his administrative remedies, Plaintiff is advised that he is only

10   required to exhaust *available* administrative remedies. *See Albino v. Baca*, --- F.3d ---, 2014 WL

11   1317141, at * 8 (9th Cir. Apr. 3, 2014) (citation omitted) (confirming it is the "defendant's

12   burden to prove there was an available administrative remedy, and that the prisoner did not

13   exhaust that available remedy...Once the defendant has carried that burden...the burden shifts to

14   the prisoner to come forward with evidence showing that there is something in his particular case

15   that made the existing and generally available administrative remedies unavailable to him"). If

16   Plaintiff contends that Defendants are precluding him from exhausting his administrative

17   remedies, he can file his new action and then assert that argument in opposition to any

18   exhaustion defense raised by a defendant.

19           Plaintiff's request for injunctive relief related to these new allegations in this action,

20   however, should be denied.

21                                    **III. RECOMMENDATION**

22           **IT IS HEREBY RECOMMENDED** that the District Judge issue an order **DENYING**

23   Plaintiff's "Notification to Court; Motion for Injunction Relief" (Doc. # 256).

24           The parties should be aware of the following:

25           1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

26   this Report and Recommendation within fourteen days of receipt. These objections should be

27   titled "Objections to Magistrate Judge's Report and Recommendation" and should be

28   accompanied by points and authorities for consideration by the district judge.

     2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 12, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE