## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| KENNETH HATLEN, | 3:12-cv-00534-MMD-WGC |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | **RE: DOC. # 194** |
| MARY WALSH, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is Plaintiff's Motion for Mandamus (Administrative Procedures Act). (Doc. # 194.)[1]

## I. BACKGROUND

**A. Summary of Action**

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). (*Id*.; Screening Order, Doc. # 44.)

Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi, Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster, Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes, Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn, Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger

---
[1] Refers to court's docket number.

1  Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie
2  Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth
3  "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

4  Plaintiff has also named defendants Brown and Thompson; however, the Attorney
5  General's Office has not accepted service on behalf of those individuals and they have not yet
6  been served. (*Id.*) Plaintiff has also named Randy Tice, but service has not yet been effectuated
7  as to that individual. (*See* Docs. # 206, # 254.)

8  On screening, the court determined Plaintiff could proceed with claims for retaliation,
9  Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth
10 Amendment deliberate indifference to a serious medical need, due process, and First Amendment
11 speech and religious rights claims against these defendants. (Doc. # 44.)

12 **B. Summary of Motion**

13 In Doc. # 194, Plaintiff first states that defendant Cox ordered officers at Lovelock
14 Correctional Center (LCC) to remove his legal documents from his cell, which they did on
15 January 31, 2014. (Doc. # 194 at 1.) He states he was then transferred to ESP and defendant Cox
16 had all of Plaintiff legal documents, which consist of three boxes and over 9000 pages,
17 confiscated from LCC and they were not transported with Plaintiff to ESP. (*Id.*) Once at ESP, he
18 requested his legal document boxes from defendants Byrne and Sandoval so that he could
19 respond to Defendants' pending dispositive motion, but they refused. (*Id.* at 2.) He claims he is
20 without approximately forty percent of the grievance documentation. (*Id.* at 4.)

21 Second, he claims that these boxes contain grievance documentation for claims that are
22 now exhausted but have not been added as claims to this action. (*Id.* at 2.) He claims that he
23 needs access to them to either file a new civil action or amend the current action with new counts
24 against existing defendants. (*Id.*)

25 Third, Plaintiff states that he has been requesting grievance forms from defendants Baker,
26 Byrne and Sandoval, but they have refused to provide them so that Plaintiff cannot complete the
27 exhaustion process with respect to new claims, thereby obstructing him from filing a new action
28 or asserting additional claims against existing defendants in this action. (*Id.* at 3.) He further

1 asserts that this is precluding him from completing initiated grievances within the timeframes
2 mandated by NDOC's administrative regulations. (*Id*.)

3 Plaintiff seeks an order: (1) compelling Defendants to comply with applicable statutes
4 and regulations; (2) that his legal documents, including the three legal boxes held at LCC, be
5 immediately returned to him; (3) that he be provided with a complete set of original grievance
6 documentation, including "resubmits," "rejections," and "responses," and not simply the NOTIS
7 report summarizing those documents; (4) compelling defendants Baker, Byrne, and Sandoval to
8 provide all requested or necessary grievance forms so Plaintiff can exhaust his administrative
9 remedies. (*Id*. at 7.)

## II. DISCUSSION

11 Plaintiff brings his request for relief as a "Motion for Mandamus" with a reference to the
12 Administrative Procedures Act. (*See* Doc. # 194 at 1.) The Administrative Procedures Act
13 (APA), 5 U.S.C. § 500, *et. seq.*, governs the way administrative agencies of the federal
14 government propose and establish regulations, and sets up a process for the United States federal
15 courts to review agency decisions. The APA has no application to this action. Therefore, the
16 court construes Plaintiff's motion as a request for injunctive relief.

17 A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded
18 as a right. *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance
19 competing claims of injury and...the effect of the granting or withholding of the requested relief."
20 *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal
21 quotation marks omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of
22 success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary
23 relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public
24 interest. *Winter*, 555 U.S. at 20. Plaintiff has not addressed any of these factors establishing he is
25 entitled to injunctive relief.

26 Moreover, Plaintiff has been advised on multiple occasions that a request for injunctive
27 relief filed in *this* action must be related to the claims proceeding in *this* action. *See, e.g., Little v.*
28 *Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th

- 3 -

1 Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997).
2 *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). This action involves claims brought
3 under the Eighth and First Amendments concerning alleged conduct that occurred while Plaintiff
4 was housed at ESP and NNCC in 2012. (*See* Doc. # 44.)

5 To the extent Plaintiff is asserting that his constitutional rights have been violated as a
6 result of the taking of his legal paperwork in January 2014, these are new claims. If Plaintiff is
7 asserting that his legal documentation was taken in retaliation for exercising his First
8 Amendment rights, he needs to raise such a claim in a new action.

9 If he is asserting that the taking of his legal documentation has violated his right of access
10 to courts, such a claim also needs to be asserted in a new action. "Prisoners have the 'right[] to
11 litigate without active *interference*,' *Silva v. Di Vittorio,* 685 F.3d 1090, 1102 (9th Cir. 2011), a
12 guarantee that exists so prisoners have a 'viable mechanism to remedy prison injustices.'"
13 *Blaisdell v. Frappiea*, 729 F.3d 1237 (9th Cir. 2013) (citation omitted) (alteration and emphasis
14 original). Plaintiff should be aware, however, that an access to courts claim requires a showing of
15 "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation omitted). "Actual injury"
16 is defined as "actual prejudice with respect to contemplated or existing litigation, such as
17 inability to meet a filing deadline or present a claim." *Id*. at 348.

18 As the court will discuss below, the court is going to allow Defendants' to file a response
19 to Plaintiff's statement that he has been deprived of grievance documentation necessary to
20 respond to Defendants' dispositive motion. The court will then hold a hearing, if necessary, to
21 proceed in determining this issue, but intends to allow Plaintiff reasonable access to any
22 grievance documentation he needs to respond to Defendants' motion. This may refute any
23 claimed actual injury with respect to Plaintiff's perceived inability to respond to Defendants'
24 dispositive motion in this action that he claims serves as the basis for a new access to courts
25 claim.

26 In addition, to the extent Plaintiff claims the taking of his legal documentation has
27 precluded him from bringing a new action or amending the current operative complaint in this
28 action to assert new claims against existing defendants, Plaintiff is reminded that he is only

1 required to exhaust *available* administrative remedies. *See Albino v. Baca*, --- F.3d ---, 2014 WL 1317141, at * 8 (9th Cir. Apr. 3, 2014) (citation omitted) (confirming it is the "defendant's burden to prove there was an available administrative remedy, and that the prisoner did not exhaust that available remedy...Once the defendant has carried that burden...the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him").

If Plaintiff claims that Defendants have effectively precluded him from exhausting his administrative remedies by taking his grievance documentation, he can assert that in response to an exhaustion defense raised by a defendant, but that should not preclude Plaintiff from filing the action or motion for leave to amend if he has in fact been precluded from exhausting his administrative remedies. *See id.* The same is true regarding the provision of grievance documentation forms. *See id.* at * 8 (citing *Marella v. Terhune*, 568 F.3d 1024 (9th Cir. 2009) (per curiam) (reversing dismissal of PLRA case for failure to exhaust because inmate did not have access to necessary grievance forms within the prison's time limits for filing a grievance)). If Plaintiff has been precluded from exhausting his administrative remedies because prison officials or employees refuse to provide him with the requisite forms, he can assert this in opposition to any exhaustion defense raised by a defendant.

For the reasons cited above, Plaintiff's motion (Doc. # 194) should be denied. The court will issue a separate order addressing the issue of Plaintiff's access to the grievance documentation necessary to respond to Defendants' pending dispositive motion.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order **DENYING** Plaintiff's Motion for Mandamus (Administrative Procedures Act) (Doc. # 194).

///
///
///
///
///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 12, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE