# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, | 3:12-cv-00534-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| MARY WALSH, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Request for Documents. (Doc. # 273.)[1] Here, Plaintiff requests that the court send him copies of all of his filings between February 25, 2014 and May 1, 2014, claiming that Defendants did not permit him to make copies for his records and the originals (and only record) are in the court's possession.

There are some thirty-six docket entries initiated by Plaintiff between February 25, 2014 and May 1, 2014.[2] Contrary to Plaintiff's assertion, it is not the court's responsibility to provide Plaintiff with free photocopying services. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying"). Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 722 governs copying of legal documents by inmates and provides: "Copies of legal documents requested by inmates may be made for a nominal fee." AR 722.01(9), *available at* http://www.doc.nv.gov/?q=node/68. "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." *Id*. A court may order a prison to provide additional photocopying when the prisoner demonstrates that an

---

[1] Refers to court's docket number.

[2] Docs. ## 208-214, 217-221, 223-228, 230-243, 245, 249, 250, 256. (Doc. # 256 was filed on May 8, 2014; however, it is dated April 21, 2014 by Plaintiff, so it was included in this list.)

1  increase is necessary for an inmate to provide copies to the court and other parties. *See, e.g.,*
2  *Allen v. Clark County Detention Center*, 2011 WL 886343, at * 2 (D. Nev. March 11, 2011).

3      Now, the court acknowledges Plaintiff's claim that Defendants have precluded him from
4  making copies of certain filings and has requested further briefing on that matter. The court has
5  provided Plaintiff copies of certain documents, including the docket and the Defendants' pending
6  dispositive motion in order to move this matter along. That does not mean, however, that
7  Plaintiff is entitled to copies of every document he has filed with the court, *at the court's*
8  *expense*. Plaintiff should keep a list of the documents he contends Defendants would not allow
9  him to copy and the court will address these items when briefing on the issue is completed, as
10 noted above. If the court determines that Defendants have wrongfully precluded Plaintiff from
11 making copies in this case, the court will make whatever orders it deems necessary, but the court
12 will not bear the cost of photocopying these items.

13     Therefore, Plaintiff's motion (Doc. # 273) is **DENIED**.
14 **IT IS SO ORDERED**.

15
16 DATED: May 16, 2014.

                                                                              _____
                                                                              WILLIAM G. COBB
17                                                                               UNITED STATES MAGISTRATE JUDGE

18
19
20
21
22
23
24
25
26
27
28