1

2

3

4  **UNITED STATES DISTRICT COURT**

5  **DISTRICT OF NEVADA**

6  KENNETH HATLEN,                                    3:12-cv-00534-MMD-WGC

7                                     Plaintiff,      **REPORT & RECOMMENDATION OF**
                                                      **U.S. MAGISTRATE JUDGE**
8        v.

9  MARY WALSH, et. al.,

10                                    Defendants.

11

12        This Report and Recommendation is made to the Honorable Miranda M. Du, United

13  States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to

14  28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is

15  Plaintiff's motion titled: "Emergency-Protection." (Doc. # 311.)[1]

16                                **I. BACKGROUND**

17  **A. Summary of Action**

18        At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of

19  Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took

20  place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional

21  Center (NNCC). (*Id*.; Screening Order, Doc. # 44.)

22        Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi,

23  Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam

24  Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster,

25  Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes,

26  Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn,

27  Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger

28

_____

[1] Refers to court's docket number.

1    Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie

2    Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth

3    "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

4           Plaintiff has also named defendants Brown and Thompson; however, the Attorney

5    General's Office has not accepted service on behalf of those individuals and they have not yet

6    been served. (*Id*.) Plaintiff has also named Randy Tice, but service has not yet been effectuated

7    as to that individual. (*See* Docs. # 206, # 254.)

8           On screening, the court determined Plaintiff could proceed with claims for retaliation,

9    Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth

10   Amendment deliberate indifference to a serious medical need, due process, and First Amendment

11   speech and religious rights claims against these defendants. (Doc. # 44.)

12   **B. Summary of Motion**

13          In this motion, Plaintiff references "letters of notification" referenced as "# 1390 and

14   1391" that he says he sent to Warden Baker telling her to respond. (Doc. # 311 at 1.) He vaguely

15   references an assault that caused him injury, the denial of medical provisions, concealment of

16   crime, threats and failure to provide security that he notified Warden Baker of in the letter. (*Id*.)

17   He then references the fact that his grievances and kites have been refused and that his legal

18   documents have been taken. (*Id*. at 2.) He states that he is seeking a temporary restraining order

19   and injunction; immediate transfer to NNCC; and an immediate hearing with the courts. (*Id*. at

20   3.) He goes on to attach various documents, which consist mostly of grievance forms, but also

21   includes a few kites, and a letter to the medical director. (*Id*. at 4-25.)

22                                        **II. DISCUSSION**

23          A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded

24   as a right. *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance

25   competing claims of injury and...the effect of the granting or withholding of the requested relief."

26   *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal

27   quotation marks omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of

28   success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary

1   relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public

2   interest. *Winter*, 555 U.S. at 20. The standard for issuing a temporary restraining order is

3   identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John*

4   *D. Brush and Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Plaintiff has not addressed any of

5   these factors establishing he is entitled to injunctive relief.

6          Moreover, Plaintiff has been advised on countless occasions now that a request for

7   injunctive relief filed in *this* action must be related to the claims proceeding in *this* action. *See,*

8   *e.g., Little v. Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso,* 605 F.3d 282,

9   299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th

10  Cir. 1997). *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

11         This action involves claims brought under the Eighth and First Amendments concerning

12  alleged conduct that occurred while Plaintiff was housed at ESP and NNCC in 2012. (*See* Doc. #

13  44.) Plaintiff's request for injunctive relief appears to relate to conduct that occurred very

14  recently, as best the court can ascertain. Therefore, Plaintiff's motion should be denied.

15                                    **III. RECOMMENDATION**

16         **IT IS HEREBY RECOMMENDED** that the District Judge issue an order **<u>DENYING</u>**

17  Plaintiff's motion (Doc. # 311).

18         The parties should be aware of the following:

19         1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

20  this Report and Recommendation within fourteen days of receipt. These objections should be

21  titled "Objections to Magistrate Judge's Report and Recommendation" and should be

22  accompanied by points and authorities for consideration by the district judge.

23         2. That this Report and Recommendation is not an appealable order and that any notice of

24  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

25  until entry of judgment by the district court.

26
    DATED: June 16, 2014                    _____
27                                          WILLIAM G. COBB
                                            UNITED STATES MAGISTRATE JUDGE
28

- 3 -