UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN,<br><br>                              Plaintiff,<br><br>     v.<br><br>MARY WALSH, et. al.<br><br>                              Defendants. | Case No. 3:12-cv-00534-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is Plaintiff's filing, titled: "Notice to Courts: Request for Immediate Hearing with District Court Judge Miranda Du." (Doc. # 290.)[1] Defendants filed a response (Doc. # 302) and Plaintiff filed a reply (Doc. # 313).

## I. BACKGROUND

**A. Summary of Action**

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). (*Id*.; Screening Order, Doc. # 44.)

Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi, Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster, Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes,

---

[1] Refers to court's docket number.

Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn, Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

Plaintiff has also named defendants Brown and Thompson; however, the Attorney General's Office has not accepted service on behalf of those individuals and they have not yet been served. (*Id.*) Plaintiff has also named Randy Tice, but service has not yet been effectuated as to that individual. (*See* Docs. # 206, # 254.)

On screening, the court determined Plaintiff could proceed with claims for retaliation, Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth Amendment deliberate indifference to a serious medical need, due process, and First Amendment speech and religious rights claims against these defendants. (Doc. # 44.)

**B. Summary of Filings**

In this document, Plaintiff states that on May 21, 2014, he was escorted to a secluded room and confronted by defendant Byrne who he claims threatened him with being charged with an abuse of the grievance process if he filed another grievance or civil rights complaint. (Doc. # 290.) He requests the following relief: an immediate hearing with (former) Chief Judge Jones or Judge Miranda Du and "Protection for my life." (*Id.* at 4.)

In their response, Defendants assert that Plaintiff's assertions are unsupported by any evidence, and Plaintiff improperly seeks a forum to raise unrelated contentions of wrongdoing. (Doc. # 302.)

In his reply brief, Plaintiff contends that his claim is supported by "documents, witnesses, affidavits" and "video surveillance." (Doc. # 313 at 2.)

## II. DISCUSSION

Preliminarily, Plaintiff has styled this filing as a request for an immediate hearing with District Court Judge Miranda Du, and his request for relief in the document also requests a hearing with Judge Du. Plaintiff provides no explanation, however, of why this particular matter

1 should be heard by District Court Judge Du, and not by the undersigned Magistrate Judge, to
2 whom it has been referred. Therefore, the undersigned issues this Report & Recommendation
3 addressing Plaintiff's filing.
4     The court construes Plaintiff's filing as a request for injunctive relief insofar as he asks
5 the court for "protection for [his] life."
6     A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded
7 as a right. *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance
8 competing claims of injury and...the effect of the granting or withholding of the requested relief."
9 *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal
10 quotation marks omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of
11 success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary
12 relief; (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public
13 interest. *Winter*, 555 U.S. at 20. The standard for issuing a temporary restraining order is
14 identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John
15 D. Brush and Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Plaintiff has not addressed any of
16 these factors establishing he is entitled to injunctive relief.
17     First, despite being advised on countless occasions that a request for injunctive relief
18 must relate to claims currently pending in this action, Plaintiff has once again utilized this action
19 to air his complaints related to new incidents of alleged wrongdoing. *See, e.g., Devose v.
20 Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51
21 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World
22 Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). If Plaintiff perceives he is
23 being subject to retaliation or threatened with retaliation, this is a new claim of wrongdoing, and
24 his remedy is to address the matter through the prison grievance system, and if that is not
25 successful, or he cannot utilize that system (as he has suggested in other filings), he may file
26 another action so long as he can certify that the claims are supported by existing law and is "not
27 being presented for an improper purpose, such as to harass, cause unnecessary delay, or
28 needlessly increase the cost of litigation" and that "the factual contentions have evidentiary

support." *See* Fed. R. Civ. P. 11(b)(1)-(3).

Second, he has not mentioned, let alone demonstrated a likelihood of success on the merits in this action. Nor has he established a likelihood of suffering irreparable harm. While he concludes that his life is in his danger, the allegations of wrongdoing contained within this filing have nothing to do with his life being in danger. Instead, Plaintiff has essentially alleged that defendant Byrne has retaliated against him or threatened to retaliate against him if he files further grievances or lawsuits. He says that he was told that his legal documents would be taken away and that his cell would be torn up (Doc. # 290 at 3), but there is no factual allegation that he would be subjected to physical harm. Plaintiff also makes no mention of the public interest or balance of hardships.

For these reasons, Plaintiff's request for an immediate hearing with Judge Du is unwarranted, and Plaintiff's motion (Doc. # 290) should be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order **DENYING** Plaintiff's request for injunctive relief set forth in Doc. # 290.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 27, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE