1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                          **DISTRICT OF NEVADA**

6   KENNETH HATLEN,                        3:12-cv-000534-MMD-WGC

7                              Plaintiff,   **REPORT & RECOMMENDATION OF**
                                           **U.S. MAGISTRATE JUDGE**
8          v.

9   MARY WALSH, et. al.,

10                            Defendants.

11          This Report and Recommendation is made to the Honorable Miranda M. Du, United

12  States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to

13  28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4. Before the court is

14  Plaintiff's filing, titled: "Emergency Attempt on life by Def (Again!)" which the court construes

15  as a request for injunctive relief. (Doc. # 326.)[1]

16                              **I. BACKGROUND**

17  **A. Summary of Action**

18          At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of

19  Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 22.) The events giving rise to this action took

20  place while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional

21  Center (NNCC). (*Id.*; Screening Order, Doc. # 44.)

22          Currently, the defendants include: Ronald Abeloe, Kitekeiaho Afeaki, Robert Banchi,

23  Renee Baker, Dr. Robert Bannister, Chad Bowler, Ronald Bryant, Harold M. Byrne, Adam

24  Caldwell, John Cardella, Joshua Clark, James "Greg" Cox, Russell Donnelly, Sheryl Foster,

25  Ronald Hannah, Justin Henley, Gail Holmes, Brea Howard, Helen Hubbard, Nathan Hughes,

26  Danielle Iratcabal, Bert Jackson, Dillyn Keith, Koree Kirkpatric, Sr., Dr. Michael Koehn,

27

28          [1] Refers to court's docket number.

Brandon Lawrence, Dr. David Mar, Robert Meares, James Mitchell, Ronnie Montoya, Roger Mooney, Dwight Neven, Eric Ortiz, Jack Palmer, Jacob Parr, Westly Radford, Dr. Julie Rexwinkel, Larry Rickman, Kathryn Rose, Tasheena Sandoval, Andrew Silverstein, Elizabeth "Lisa" Walsh, and April Witter. (*See* Doc. # 202, Doc. # 216, Doc. # 247.)

Plaintiff has also named defendants Brown and Thompson; however, the Attorney General's Office has not accepted service on behalf of those individuals and they have not yet been served. (*Id.*) Plaintiff has also named Randy Tice, but service has not yet been effectuated as to that individual. (*See* Docs. # 206, # 254.)

On screening, the court determined Plaintiff could proceed with claims for retaliation, Eighth Amendment conditions of confinement, Eighth Amendment failure to protect, Eighth Amendment deliberate indifference to a serious medical need, due process, and First Amendment speech and religious rights claims against these defendants. (Doc. # 44.)

**B. Summary of Filing**

In this document, Plaintiff claims that on June 17, 2014, he was poisoned and then refused medical treatment. (Doc. # 326 at 1-2.) He requests an immediate hearing, asks the court to compel the Inspector General to immediately interview Plaintiff and investigate the matter, and to order Plaintiff transferred to NNCC. (*Id.* at 2.) While Plaintiff mentions defendants Cox, Foster, Baker, and Byrne in his filing, the grievance documentation he includes with the filing which he presumably submitted to prison officials asserts that Correctional Officer Kimbel "tampered/contaminated" Plaintiff's food "with dangerous harmful chemicals and cleaners" and states that he was "poisoned" by Correctional Officer Kimbel when he ate his lunch, causing "severe stomach/bowel pains, vomiting, diarrhea and nausea, headaches" and then was denied medical treatment. (Doc. # 326 at 5.) He also contends that the matter was not investigated, in contravention of NDOC regulations. (*Id.*)

His documentation goes on to assert that on June 18, 2014, Correctional Officer Kimbel "again began his misconduct of threats" and Plaintiff was again denied protection, medical treatment and an investigation. (*Id.* at 6.)

The remaining documentation included with his filing also references conduct of

1    Correctional Officer Kimbel occurring in June 2014. (*See id*. at 9-26.)

2                                    **II. DISCUSSION**

3         As indicated above, the court construes Plaintiff's filing as a request for injunctive relief.

4    A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a

5    right. *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). Instead, courts must "balance competing

6    claims of injury and...the effect of the granting or withholding of the requested relief." *Winter v.*

7    *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and internal quotation

8    marks omitted). A plaintiff seeking an injunction must demonstrate: (1) a likelihood of success

9    on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief;

10   (3) the balance of equities tips in his or her favor; and (4) an injunction is in the public interest.

11   *Winter*, 555 U.S. at 20. The standard for issuing a temporary restraining order is identical to the

12   standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and*

13   *Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Plaintiff has not addressed any of these factors

14   establishing he is entitled to injunctive relief.  Specifically, there is no mention of a likelihood of

15   success on the merits, balance of equities or the public interest. In addition, while Plaintiff

16   alleges that he suffered harm in mid-June, 2014, he includes no discussion that leads the court to

17   the conclusion that he is likely to suffer irreparable harm in the future in the absence of

18   injunctive relief.

19        Moreover, Plaintiff continues to ignore the court's admonitions that a request for

20   injunctive relief filed in this action must be related to the claims *currently* pending in this action,

21   and must involve parties to this action. *See, e.g., Devose v.  Herrington*, 42 F.3d 470, 471 (8th

22   Cir.  1994); *accord Little v.  Jones*, 607 F.3d 1245, 1250-51 (10th Cir.  2010); *Colvin v.  Caruso*,

23   605 F.3d 282, 299-300 (6th Cir.  2010); *Omega World Travel, Inc.  v.  Trans World Airlines*, 111

24   F.3d 14, 16 (4th Cir.   1997). Plaintiff's thinly-veiled attempts to circumvent the court's

25   instruction are readily apparent. For example, Plaintiff includes a vague reference to parties

26   named as defendants, but a review of the documentation submitted with his filing illustrates that

27   his filing is connected to events and persons wholly unrelated to this action, *i.e.*, Correctional

28   Officer Kimbel, who is not a defendant in this action. In addition, Plaintiff's suggestion that he

1   can seek to amend this complaint to include *every* perceived wrong directed towards him since

2   the date the complaint is filed is without merit.

3   Plaintiff has been advised by this court on countless occasions of the standard for

4   obtaining injunctive relief; however, he continues to defy the court's orders and logic by

5   continually filing notices, motions and other documents with a multitude of titles requesting

6   injunctive relief concerning alleged conduct that has no relation to the claims currently pending

7   in this case; involves persons who are not named as defendants in this case; and involves alleged

8   conduct that occurred well after this complaint was filed.

9   For these reasons, Plaintiff's request for injunctive relief set forth in Doc. # 326 should be

10   denied.

11   In addition, Plaintiff should be advised that he is in violation of the Court's Interim Case

12   Management Order. (Doc. # 176.) In that Order, the court specifically discussed the infirmities

13   presented by the numerous filings requesting injunctive relief up to that date, including the fact

14   that they asserted grievances not related to the claims or defendants proceeding in this action.

15   (*See id.*at 2-4.) The court cautioned Plaintiff that this was not permissible and that he was not

16   allowed to utilize this action to air his unrelated grievances. (*Id.* at 4.) The court reminded

17   Plaintiff of Federal Rule of Civil Procedure Rule 1's direction that the rules shall be "construed

18   and administered to secure the just, speedy and inexpensive determination of every action and

19   proceeding" and the Advisory Committee's note to that Rule that it is the "affirmative duty of the

20   court to exercise the authority conferred by these rules to ensure that civil litigation is resolved

21   not only fairly, but also without undue cost or delay." Fed. R. Civ. P. 1, Advisory Committee

22   Notes to the 1993 Amendments. (*Id.* at 5.) To that end, the court ordered that "any discovery

23   motion" or "notice" filed by Plaintiff not within the direct and immediate purview of District

24   Judge Miranda M. Du must include a certification that the filing pertains to one of the fifteen

25   claims currently allowed to proceed in this action; specifically identify from which claim(s) for

26   relief his filing arises; and specifically identify to which of the named defendants the filing

27   pertains.

28   Despite this Order, Plaintiff continues to abuse the judicial process, and monopolize the

- 4 -

time of both the court and the Attorney General's Office by repeatedly filing requests for injunctive relief that do not comport with the law or the court's Interim Case Management Order. This filing (Doc. # 326) is in direct contravention of that order. Plaintiff's attempt to file the document as something other than a "notice" (as he had previously titled such requests) does not insulate the document from the application of the Interim Case Management Order, which was clearly meant to apply to Plaintiff's requests for injunctive relief, however they might be titled. Plaintiff has not connected this filing to any of the claims currently pending in this action. Again, while he makes a vague and fleeting reference to various defendants named in this action, none of them are implicated in the description of alleged wrongdoing that is the subject of this filing.

As a result, Plaintiff should be advised that any further filing of documents in contravention of the Interim Case Management Order may subject Plaintiff to sanctions. In light of Plaintiff's unrelenting filing of documents that do not comply with the court's order despite almost constant reminders of the legal standard for seeking injunctive relief, the court perceives his non-compliance as willful. Given the steps taken by the court thus far to try to gain Plaintiff's compliance with the Interim Case Management Order—*i.e.*, continual review of filings, and the issuance of orders and report and recommendations repeatedly advising him of the legal standard governing requests for injunctive relief and instruction that such a filing must be related to the claims and defendants pending in this action—the court is not aware of any other measure it can take to get Plaintiff to conform to the law and the court's orders. Therefore, Plaintiff should be warned that potential sanctions may include a recommendation for dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order **DENYING** Plaintiff's request for injunctive relief set forth in Doc. # 326.

**IT IS FURTHER RECOMMENDED** that the District Judge advise Plaintiff that any further failure to comply with the court's Interim Case Management Order (Doc. # 176) by filing requests for injunctive relief that are unrelated to the claims and defendants currently allowed to proceed in this action may subject him to sanctions, including dismissal of this action pursuant to

1   Federal Rule of Civil Procedure 41(b).

2        The parties should be aware of the following:

3        1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

4   this Report and Recommendation within fourteen days of receipt. These objections should be

5   titled "Objections to Magistrate Judge's Report and Recommendation" and should be

6   accompanied by points and authorities for consideration by the district judge.

7        2. That this Report and Recommendation is not an appealable order and that any notice of

8   appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

9   until entry of judgment by the district court.

10
     DATED: June 27, 2014.
11                                              _____
                                                WILLIAM G. COBB
12                                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28