UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, ) | 3:12-cv-00534-LRH-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | July 2, 2014 |
| ) | |
| GREG COX, *et al.,* ) | |
| Defendants. ) | |
| ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  Katie Lynn Ogden     REPORTER:                FTR

COUNSEL FOR PLAINTIFF:   Kenneth Hatlen, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Micheline Fairbank

**MINUTES OF PROCEEDINGS: Status Conference**

1:40 p.m.  Court convenes.

**I.   Discussion Regarding Defendants' Response to Plaintiff's Motion for Documents (Doc. # 283)**

Plaintiff Kenneth Hatlen has submitted a series of filings asserting the Defendants are removing his legal documents from his possession and/or is being denied his copywork requests (Docs. ## 194, 203, 220, 227, 228, 238, 240, 317 and 322).  The court notes it will dispose of these pleadings in a future written order.

Pursuant to court order Doc. # 257, the Defendants submitted a response to Plaintiff's several motions relating to the "destruction of his legal files" (Doc. # 283).  Defendants outlined in their response (Doc. # 283) that they will provide Plaintiff a duplicate copy of their Motion for Summary Judgment (Doc. # 177) with the accompanying exhibits.[1]  Defendants also indicate they will "provide Plaintiff with a copy of his inmate grievance history report identifying all grievances filed between September 2010 and December 7, 2012."  Finally, Defendants propose that Mr. Hatlen be permitted to request a reasonable number of copies relating to grievances at the expense of the Defendants.  Defendants state Plaintiff may request copies, at no charge to his inmate account, for no more than 200 copies.

---

[1] Doc. # 177 was originally filed as a motion to dismiss but was later converted to a Motion for Summary Judgment pursuant to court order Doc. # 248.

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 2, 2014
Page 2

Plaintiff states he is in possession of Defendants' Motion for Summary Judgment. (Doc. # 177.) However, Mr. Hatlen indicates the grievance history report only provides a brief synopsis of the actual grievances and, in view of this, he is unable to identify the relevant original grievances that are necessary for him to support his response to Defendants' dispositive motion. Mr. Hatlen further contends that because Defendants continue to remove legal documents from his cell, he should not be required to pay for copywork whatsoever.

In an attempt to mitigate Plaintiff's concerns that he does not have adequate documentation to support his response to Defendants' motion for summary judgment, the court **ADOPTS** the Defendants' procedure mentioned above and outlined in Doc. # 283.

II.     **Defendants' Motion for Summary Judgment (Doc. # 177)**

The court turns to address Defendants' Motion for Summary Judgment (Doc. # 177) and ascertains that not all original grievances are provided as exhibits to their motion.

Deputy Attorney General Micheline Fairbank explains that Plaintiff had filed approximately 371 grievances during the relevant time period of September 2010 to December 7, 2012, when the complaint was filed. Of those 371 grievances, only sixty-two were taken through the final level of Nevada Department of Corrections's grievance process. Finally, of those fifty-eight grievances which Plaintiff has exhausted, only five were exhausted prior to December 7, 2012.

Ms. Fairbank indicates Defendants, therefore, focused narrowly to provide copies of original grievances that are only relevant to their argument that Mr. Hatlen failed to properly exhaust his administrative remedies.

In view of the unique nature of this case, the court directs the Defendants to supplement their motion for summary judgment to include all 62 grievances. Therefore, Defendants' Motion for Summary Judgment (Doc. # 177) is **DENIED without prejudice**. The clerk is directed to administratively re-file the motion for summary judgment Doc. # 177 the next judicial day. Other filings related to the motion for summary judgment (Doc. # 177) shall also be administratively re-filed, including: Docs. ## 200, 211, 229, 241, 247 and 269.

Defendants' supplement to the motion for summary judgment shall include all 62 grievances that were not attached to the original motion for summary judgment. Defendants are permitted to submit supplemental arguments related to the submission of these additional grievances. Defendants' supplemental memorandum is due no later than **Thursday, July 24, 2014.** Plaintiff shall have up to and including **Thursday, September 4, 2014** to file his response. Defendants shall thereafter have up to and including **Thursday, September 18, 2014**

MINUTES OF PROCEEDINGS
3:12-cv-00534-LRH-WGC
Date: July 2, 2014
Page 3

to file their reply memorandum.

In view of Plaintiff's continued complaints that he is missing legal documentation, Ms. Fairbank is directed to contact Associate Warden Mike Byrne to inquire about Mr. Hatlen's allegation of a missing box containing legal documents. Ms. Fairbank shall file a notice with court explaining the outcome of her discussions with Associate Warden Byrne.

**III.     Plaintiff's "Mediation Conference" (Doc. # 307) and Plaintiff's "Notification to Court Request for Mediator" (Doc. # 316)**

The parties present their respective positions regarding the appropriateness of scheduling a settlement conference.

The court encourages the parties to informally engage in settlement discussions first and if appropriate the parties may file a notice or motion with the court requesting a settlement conference be scheduled.

Therefore, Plaintiff's "Mediation Conference" (Doc. # 307) and Plaintiff's " Notification to Court Request for Mediator" (Doc. # 316) are **DENIED without prejudice**.

**IV.     Final Comments**

The court advises Plaintiff that he will be receiving in the mail two separate Report and Recommendations (Docs. ## 331 and 332). The court reiterates from its comments in Doc. # 332 that Plaintiff continues to ignore admonitions that any requests for injunctive relief must be related to claims currently pending in this action. Furthermore, despite the court's direction, Plaintiff continues to abuse the judicial process, monopolizing both the time of the court and the Attorney General's Office by repeatedly filing requests for injunctive relief that do not comport with the Federal Rules of Civil Procedure or this court's Interim Case Management Order (Doc. # 175). Plaintiff is warned that if he continues to ignore court orders and the Federal Rules of Civil Procedure, the court may recommend to District Judge Miranda M. Du to dismiss this case for failure to comply.

**IT IS SO ORDERED.**

2:53 p.m.  Court adjourns.

                                                                LANCE S. WILSON, CLERK
                                                                By: _____/s/_____
                                                                        Katie Lynn Ogden, Deputy Clerk