# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, | 3:12-cv-000534-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| MARY WALSH, et. al., | |
| Defendants. | |

This order addresses various motions filed by Plaintiff asserting that he has been unable to obtain copy of documents he has submitted for filing with the court and requesting that the court supply him with copies of his filings. The subject motions include: Docs. # 203[1], # 220, # 317, and # 322. The court ordered defendants to file a response addressing this issue (*see* Docs. # 252, # 260), which they did (Doc. # 281). Plaintiff filed a reply (Doc. # 296) as well as a supplemental reply brief (Doc. # 309).

This order also addresses various motions filed by Plaintiff related to claims by Plaintiff that his legal files have been interfered with and associated claims regarding his inability to respond to Defendants' pending dispositive motion, including: Docs. # 194, 203, 227, 228, 235, 237, 238, 240, 242, 300, 308, 310, 319, 320. Defendants filed several responsive briefs (Docs. # 283, # 330.) Plaintiff also filed a reply brief. (Doc. # 298.) The court held a hearing. (Minutes at Doc. # 336.) Plaintiff subsequently filed additional documents on this topic: Docs. # 337, # 338, # 339, # 340, and # 341.

## I. SUMMARY OF FILINGS RELATED TO COPYING DOCUMENTS

**A. Docs. # 203 and # 220**

In Doc. # 203, Plaintiff asserts, among other things, that NDOC employees refused to

---

[1] Refers to the court's docket number. The court issued a separate report and recommendation addressing other issues raised in Doc. # 203. (Doc. # 258.)

copy documents for his case. He also asks that the court provide him with a copy of this motion. He submits, among other documents, a legal copy work request form which was denied stating: "We don't copy medical kites unless already filled in by staff." (Doc. # 203 at 34.)

In Doc. # 220, Plaintiff raises, among other issues, the allegation that NDOC staff were not allowing him to copy documents he needs to support motion for injunctive relief and asks the court to provide him with a copy of his motion. He submits a memorandum from the law library supervisor, dated March 7, 2014, regarding a copy work request Plaintiff had sent. Plaintiff was told that the copy work request contained an informal level grievance that had yet to be turned in and had not been responded to by staff and informed Plaintiff; "We do not copy items that have not received a response from staff."

**B. Court Orders at Docs. # 252, # 260**

The court ordered Defendants to respond to these filings. (Docs. # 252, # 260.) In doing so, the court asked Defendants to address the following hypotheticals:

(1) if a plaintiff were claiming a defendant was deliberately indifferent to a serious medical need because he constantly complained of medical issues in kites but received no response, how could the plaintiff prove the claim if he were not permitted to copy and submit to the court the kites he claims he submitted to NDOC but to which he received no response?

(2) if an inmate were asserting in opposition to a motion raising an exhaustion defense that he did file a particular grievance but never received a response or was otherwise obstructed from responding, how could the inmate prove his position without being able to submit the grievance documentation he claims he submitted but to which he received no response?

(3) Isn't it the province of the Attorney General's Office in responding to such an argument to contest the validity of such a document?

(4) Is it therefore improper for prison officials and employees to make such a determination?

**C. Defendants' Response at Doc. # 281**

In their response, Defendants contend that the limitations on Plaintiff's copy requests are well reasoned and have not inhibited his ability to pursue this litigation. (Doc. # 281 at 2.) Defendants contend that while Plaintiff claims he is being denied the ability to make photocopies

of documents, he already has copies of these documents. (*Id*.) Specifically, Defendants assert that inmate grievance forms at NDOC are multi-copy forms which provide every inmate who sends an informal, first or second level grievance a copy of the grievance that is submitted to the institution. (*Id*.) The inmate retains the last copy of the multi-copy form, which is the "gold sheet," for his records. (*Id*.)

If an inmate needs to submit a copy of a grievance that has not yet been responded to, the inmate can submit a copy of the gold sheet with a copy request form (known as a "brass slip") and request a copy of the gold sheet to attach to a court filing. (*Id*. at 2-3.) Due to the ability of an inmate to alter a grievance prior to filing with the NDOC, a copy will not be made of an unsubmitted inmate grievance original (white form). (*Id*.) In other words, if an inmate is claiming the institution has not given him a response to a grievance he has submitted, he will have the gold copy of the grievance he submitted, which he can then request to copy and attach to a court filing. Therefore, in this instance Plaintiff's copy work request was denied because he attempted to submit a copy of a grievance that had not been submitted at all. (*Id*. at 3.)

With respect to inmate kites, Defendants acknowledge that these are forms that do not have duplicate copies like grievances; however, inmate kites sent to the warden, medical department or law library are responded to, photocopied and a copy is placed in the inmate's file while the original is returned to the inmate. (*Id*.) If an inmate believes that his kite is not being appropriately or timely responded to, the inmate can document such a complaint and raise the issue in a grievance. (*Id*.) The inmate would then retain his copy of the grievance submitted on this issue. (*Id*.) Nonetheless, Defendants dispute that Plaintiff has been denied the ability to photocopy kites that have not yet received a response as he has attached several such kites to exhibits in a prior motion. (*Id*., referencing Doc. # 203 at 20-23.)

**D. Plaintiff's Reply at Doc. # 296**

In his reply, Plaintiff reiterates his claim that he has been obstructed from obtaining copies. (Doc. # 296 at 1.) Plaintiff also contends that there are other ways that an inmate could alter a grievance, if that is Defendants' concern in not copying grievances that have yet to be submitted to the institution. (*Id*. at 2.)

With respect to kites, Plaintiff claims that while kites are supposed to be logged, responded to and returned, they are not. (*Id*. at 3.)

### E. Plaintiff's Supplemental Reply at Doc. # 309

While Plaintiff did not seek leave of court to file a supplemental reply, the court reviewed the document and provides a summary of it here. Plaintiff is cautioned that the Local Rules only contemplate the filing of a motion, response and reply brief, and if he fails to seek leave of court before filing additional briefing in the future, such documents may be stricken from the record.

In this document, Plaintiff asserts that he requested copies of ten pages of a gold grievance form that was returned and he was told he could not copy a grievance that had not been responded to. He also asserts that he tried to copy kites, answered as well as unanswered, and his request was denied because they were unanswered. He includes copies of copy work requests denied because they included "unanswered kites/grievances." However, it is not clear from this document what was actually submitted for copying, *i.e.*, whether he did in fact submit kites/grievances that had not yet been submitted to the institution.

### F. Plaintiff's Request for Assistance at Doc. # 317

In this document, Plaintiff says he was denied copies of motions, documents, evidence and exhibits on June 9 and 11, 2014. He does not identify the documents.

### G. Request of Courts at Doc. # 322

Plaintiff once again asserts that he does not have a copy of any filed documents because Defendants have refused to provide him with copies.

## II. DISCUSSION RE: MOTIONS RELATED TO COPYING

Defendants have provided a satisfactory explanation as to why Plaintiff's copy work requests including kites and grievances might be denied. Plaintiff, on the other hand, has not sufficiently supported his argument that he is being denied the ability to copy documents and that it is hampering his ability to litigate this case. The record in this case is replete with evidence that Plaintiff is in fact able to make photocopies of documents. Defendants have explained that if Plaintiff wishes to copy a grievance to which he has not received a response, he need only request a copy of the copy of the grievance that he retained when he submitted it. Defendants'

1  reason for not allowing copies of grievances that have never been submitted to the institution is
2  reasonable given the ability of an inmate to alter such a document. It is not relevant that there
3  might be other ways for an inmate to go about altering the document, as Plaintiff suggests.

4  The court likewise finds Defendants' explanation regarding the process for copying kites
5  to be satisfactory. If a plaintiff believes he has a claim based on the failure of the inmate to
6  respond to his kites or based on a delay in responding to a kite, he can request to view his file
7  which should contain a copy of the kite. If an inmate believes that a copy of the kite has not been
8  retained properly by the institution, as Plaintiff suggests, his remedy is to document such a
9  complaint by utilizing the prison grievance process.

10  Finally, to the extent Plaintiff asks the court to provide him with copies of his motions
11  being filed with the court, the court will not indulge this request. Plaintiff is expected to utilize
12  NDOC's regulations governing photocopies to make copies for his records of documents he has
13  filed with the court. He has submitted no valid support for his claim that he is unable to copy
14  such documents. Instead, it appears that he is attempting to have the court bear the expense of his
15  copying charges.

### III. CONCLUSION ON MOTIONS RE: COPYING

17  In sum, Plaintiff's motions: Docs. # 203, to the extent it raises this issue, as well as  Docs.
18  # 220, # 317 and # 322 are **DENIED**.

### IV. SUMMARY OF FILINGS RE: INTERFERENCE WITH LEGAL FILES AND RESPONSE TO DEFENDANTS' DISPOSITIVE MOTION

21  **A. Doc. # 194**

22  In this document, Plaintiff states that his legal documents were removed from his cell on
23  January 31, 2014. Then he was transferred to ESP where three boxes of legal documents were
24  confiscated from LCC and not transported to ESP with him. He asserts that documents were
25  stolen. He states that these boxes contain grievances that are "now exhausted but not yet filed
26  with this court" and that he wants to file a civil complaint or amend this case. He further
27  contends they are obstructing him from exhausting his administrative remedies. He claims he
28  cannot respond to Defendants' pending dispositive motion.

**B. Doc. # 203[2]**

In this document, Plaintiff states that he does not have any of his court documents. He claims that on February 10, 2014, three legal boxes were taken and he cannot respond to Defendants' pending dispositive motion. He again claims he is precluded from exhausting his administrative remedies.

**C. Doc. # 227[3]**

In this document, Plaintiff asserts that he was taken to the shower on March 12, 2014, and when he came back he saw that thousands of legal documents were scattered about the floor of his cell, this caused him to suffer medical problems. He contends some documents were missing or stolen. He claims that his notes regarding Defendants' pending dispositive motion were also stolen.

**D. Doc. # 228**

This document repeats the claim asserted in Doc. # 227 that his legal documents were taken on March 12, 2014.

**E. Doc. # 235**

Plaintiff again states that his legal documents have been taken and destroyed. He repeats his claim that his copy of the motion to dismiss and grievances were taken. He contends he is unable to respond to Defendants' pending dispositive motion or to proceed with litigating this case.

**F. Doc. # 237[4]**

In this document, Plaintiff claims that his legal documents were taken on March 26, 2014, and when the boxes were given back the following day many documents were missing

---

[2] A separate report and recommendation has been issued regarding Plaintiff's claim in this document that he has been denied medical treatment by Dr. Koehn. (Doc. # 258.)

[3] A separate report and recommendation has been issued regarding Plaintiff's claims in this document related to retaliation, denial of medical care and denial of access to the courts. (Doc. # 259.) This order only addresses Plaintiff's contention in the document that his legal papers have been interfered with and he is unable to respond to Defendants' pending dispositive motion.

[4] A separate report and recommendation has been issued addressing the other issues raised in this document. (Doc. # 262.) This order only addresses Plaintiff's contention in the document that his legal papers have been interfered with and he is unable to respond to Defendants' pending dispositive motion.

1  including his rough draft of his response to Defendants' pending dispositive motion and
2  grievances related to that motion.

**G. Doc. # 238**

Plaintiff once again states that his legal documentation has been taken. He requests, among other relief, a full complete set of all grievances and court documents filed in this action.

**H. Doc. # 240**

In this document, Plaintiff states he is attaching seven grievance rejections dated February 6, 2013 and September 24, 2013, which list over 350-400 other grievances. He says that defendant Byrne forged Plaintiff's name on these grievances and refused to return all of the listed 350-400 grievances and responses. He asserts he needs these docs to respond to the motion to dismiss. He wants to be provided with due process to litigate effectively and to have Defendants instructed to provide a new complete copy of all grievances, rejections and responses, and copies of all documents filed in this case.

**I. Doc. # 242**

Here, Plaintiff states that he received his legal documents on March 27, 2014, and noticed documents had been stolen. He asserts that he raised the issue with prison officials but had not yet heard about the whereabouts of his stolen property.

**J. Court Order to Respond**

On May 12, 2014, the court issued an order directing Defendants to respond to Plaintiff's claim that his legal documents had been taken, destroyed or otherwise disturbed. (Doc. # 257.)

**K. Defendants' Response at Doc. # 283**

Defendants assert that there is no basis to support Plaintiff's allegations; that Plaintiff has raised these issues via the inmate grievance procedure; the claims were investigated; and, it was determined the claims were unsubstantiated. (Doc. # 283 at 2, Ex. A.) Defendants contend that they have gone beyond the limits contained in NDOC's regulations and have afforded Plaintiff the ability to retain a greater number of legal boxes than would otherwise be permitted. (*Id*.; Ex. A-1.)

To address Plaintiff's ability to respond to the pending dispositive motion, Defendants

1  proposed that they serve upon Plaintiff a duplicate copy of their dispositive motion and all
2  exhibits and provide him a copy of his inmate grievance history report identifying all grievances
3  filed between September 2010 and December 7, 2012. If there are any grievances Plaintiff does
4  not have copies of or that are not included as exhibits to the motion, Plaintiff is permitted to
5  request copies of those documents by kiting the associate warden and referencing this case and
6  the grievance number. Defendants will provide copies of up to 200 documents free of charge,
7  and beyond that the copies will be at Plaintiff's expense.

**L. Plaintiff's Response at Doc. # 298**

Plaintiff claims that his allegations are substantiated by (unidentified) witnesses and (unspecified) video footage. He disputes that any investigation was ever made into his allegations.

**M. Doc. # 300**

Plaintiff represents that Defendants sent him a grievance history/summary, but he states that he needs additional documentation to respond to the pending dispositive motion.

**N. Doc. # 308**

In this document, Plaintiff states that he needs copies of all original grievances and supporting documents filed with this court (labeled by him as # 1301 to 1332).

**O. Doc. # 310**

In this document Plaintiff states he is attaching six "memorandum rejection/responses" from defendant Byrne dated February 26, 2013, which list a number of grievances and their log numbers. He says that each grievance and log number should have had its own memorandum and should have been returned with the individual memorandum, but was not. He states that this obstructs him from exhausting his administrative remedies.  He also attaches a memorandum dated February 5, 2013, from Associate Warden Byrne to Plaintiff which states that the thirty referenced grievances were rejected three times for different reasons, and specifically states: "you have exhausted the grievance process on these grievances."

**P. Docs. # 319 and # 320**

In Doc. # 319, Plaintiff says that many of his grievances filed have a response: "Inspector

- 8 -

1  General Referral" but Plaintiff cannot obtain any information regarding these grievances and
2  whether or not it has been exhausted. Doc. # 320 also references this response and he requests
3  the disposition of these grievances.

4  **Q. Court's Order for Defendants to Respond**

5  The court ordered Defendants to respond to Plaintiff's claims in Docs. # 319 and # 320.
6  (Doc. # 321.)

7  **R. Doc. # 322**

8  In this document Plaintiff states that he needs a copy of every document filed with the
9  court.

10  **S. Defendants' Response at Doc. # 330**

11  Defendants assert that Plaintiff's requests for documents are improper as he could have
12  sought the requested information via discovery, but did not, and discovery is now closed, and
13  Defendants have provided Plaintiff with a mechanism to access his grievances.

14  **T. July 2, 2014 Hearing (Minutes at Doc. # 336)**

15  The court held a hearing on July 2, 2014, and addressed Plaintiff's claim that he is unable
16  to respond to Defendants' pending dispositive motion. The court directed Defendants to
17  supplement their motion to include the grievance documentation for all sixty-two grievances that
18  were taken through the second level of review during the relevant time frame. In light of this, the
19  motion was denied without prejudice and administratively re-filed as of July 3, 2014. Defendants
20  were ordered to file their supplement no later than July 24, 2014. Plaintiff can then review the
21  supplemental briefing, and if he believes there is additional relevant grievance documentation
22  not provided to Defendants, he may kite to request such documents from the associate warden by
23  utilizing the grievance history document provided by Defendants according to the procedure
24  outlined in Defendants' response (Doc. # 283). Plaintiff's response to the supplemental motion is
25  due on or before September 4, 2014, and Defendants reply must be filed by September 18, 2014.

26  Regarding Mr. Hatlen's claim raised at the hearing that he is missing a box of his legal
27  documentation, the court directed defense counsel to contact the associate warden to ascertain its
28  whereabouts.

**U. Doc. # 337**

Plaintiff, apparently unhappy with the result of the July 2, 2014 hearing, filed this document stating that he is not allowed to view all documents necessary to respond to Defendants' motion for summary judgment. He contends that there are grievances that are not in the sixty-two to be provided in Defendants' supplement that will be relevant to his response to the motion.

**V. Doc. # 338**

In this document, Plaintiff requests a new hearing, stating that he could not participate effectively in the July 2, 2014 hearing because he was not allowed to make copies.

**W. Doc. # 339**

Plaintiff again requests a new hearing, intimating that he was not able to effectively participate in the July 2, 2014 hearing.

**X. Doc. # 340**

Plaintiff asserts that at the July 2, 2014 hearing, argument was made regarding a document Plaintiff had not received (Doc. # 283) and he could have provided a response if he had received the document. He asks to discuss the Defendants' response.

**Y. Doc. # 341**

Here, Plaintiff states that the court was going to address the issue of Plaintiff's assertion that he has been denied copies at the July 2, 2014 hearing, but it was not discussed. He states that he needs copies of all documents filed in this case.

## V. DISCUSSION AND CONCLUSION ONFILINGS RE: INTERFERENCE WITH LEGAL FILES AND RESPONSE TO DEFENDANTS' DISPOSITIVE MOTION

The court addressed Plaintiff's motions asserting that he has been unable to respond to Defendants' motion or litigate this case at the July 2, 2014 hearing. The court assured that Plaintiff has a copy of the motion and supplement and all exhibits. In addition, the court required Defendants to supplement their motion with the grievance documentation (not just the NOTIS summary) of the sixty-two grievances completed through all levels during the relevant time period. The court did not require production of all grievance documentation for the more than

three hundred grievances actually filed during that time period because this would result in the production and filing of thousands of pages that may or may not be relevant to Plaintiff's case. The court acknowledged Plaintiff's concern that there are other grievances filed that were not taken to the second level, but might be relevant to Plaintiff's opposition, and provided Plaintiff a mechanism to request these documents by reviewing the NOTIS summary to identify those documents and then kite the warden to then review them. The court also adopted Defendants' proposal insofar as Defendants will absorb the expense of any requested copies, not to exceed 200, which is a unique position compared to other pro se inmate litigants.

In addition, the court has addressed the briefing regarding Plaintiff's allegation that his legal documents have been taken and destroyed. The court is satisfied with the Defendants' explanation that Plaintiff has raised this issue through the inmate grievance process and it was investigated, and the investigation found that Plaintiff's claims were unsubstantiated. If Plaintiff is not satisfied with that result, and if there is a sound basis for asserting a constitutional claim, such as denial of his access to the courts, he may bring a separate action. These allegations, however, are not part of the instant action.

To the extent Plaintiff claims he does not have the disposition of certain grievances which received a response that the matter was referred to the Inspector General (*see* Docs. # 310, # 319, # 320), the memorandum Plaintiff submitted states that Plaintiff exhausted the grievance process on these grievances. Moreover, an inmate is not required to continue efforts to exhaust if "administrative procedures [are] unavailable, ... prison officials [have] attempted to obstruct[] [an] attempt to exhaust or...[the inmate] was prevented from exhausting because procedures for processing grievances weren't followed." *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (citation omitted).

Therefore, Plaintiff's motions raising these issues (Docs. # 194, 203, 227, 228, 235, 237, 238, 240, 242, 300, 308, 310, 319, 320, 337) are **DENIED**.

Plaintiff did not assert at the July 2, 2014 hearing that he was unable to effectively participate. Instead, the court finds that Plaintiff was involved in the discussions during the July 2, 2014 hearing, and was fully able to articulate and present his arguments. Therefore, his

1 motions for a new hearing (Docs. # 338, # 339) are **DENIED**.

2     Plaintiff's claim that he did not receive Defendants' response (Doc. # 283) is disingenuous as the document is accompanied by a certificate of service indicating that he was served with the document on May 22, 2014, well over a month before the July 2, 2014 hearing. (Doc. # 283 at 4.) More importantly, Plaintiff did in fact file a reply brief to Defendants' response. (Doc. # 298.) Finally, the court's discussion at the July 2, 2014 hearing centered on providing Plaintiff with access to the documentation supporting Defendants' dispositive motion; a further discussion is not necessary. Therefore, Plaintiff's motion (Doc. # 340) is **DENIED**.

    With respect to Doc. # 341, the court advised the parties at the hearing that it would be issuing a written order addressing Plaintiff's allegations concerning copying. The instant order does just that. The Local Rules leave it to the court's discretion to determine whether a matter is suitable for disposition without conducting a hearing. LR 78-2. Therefore, Doc. # 341 is **DENIED**.

    Finally, as the court advised Plaintiff above, the court is not responsible for providing Plaintiff with copies of documents filed in this case. Plaintiff must make provisions to obtain copies of his originals before filing them. Alternatively, if he wishes to obtain copies of filings from the court, he must submit a request to the Clerk's Office with the accompanying copy fee of ten cents per page. Therefore, his various requests that the court provide him with copies of his filings in this matter are likewise **DENIED**.

**IT IS SO ORDERED**.

July 16, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE