1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8               DISTRICT OF NEVADA
9                    * * *
10   KENNETH HATLEN,              Case No. 3:12-cv-00534-MMD-WGC
11                   Plaintiff,
          v.                              ORDER
12
     GREG COX, et al.,
13
                   Defendants.
14
15
16        This Order addresses the majority of the motions, reports and recommendations,
17   and objections pending before the Court.
18   **I.    Dkt. no. 135: MOTION FOR RECONSIDERATION**
19        **A.    Introduction**
20        Pursuant to 28 U.S.C. § 1915A, the Court screened Plaintiff's amended complaint
21   on January 25, 2013. (Dkt. no. 44.) The Screening Order stayed this case for ninety (90)
22   days to allow the parties to participate in mediation. Plaintiff filed a number of motions,
23   including a motion to reconsider (dkt. no. 56), during the ninety (90) day stay. These
24   motions were denied without prejudice. (Dkt. no. 57.) At a hearing held on December 3,
25   2013, Plaintiff explained that he thought he had re-filed his motion to reconsider
26   regarding the Screening Order after the ninety (90) day stay expired. The Court granted
27   Plaintiff leave to re-file his motion to reconsider, which was re-filed as dkt. no. 135. (Dkt.
28   no. 133).

### B.   Legal Standard

Plaintiff's motion for reconsideration asks the Court to reconsider its decision to dismiss certain claims and defendants, and to deny Plaintiff's motion for appointment of counsel.[1] A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). On the other hand, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion).

### C.   Dismissal of Certain Claims and Defendants

In his amended complaint, Plaintiff alleges twenty-two (22) counts against sixty-five (65) prison staff members at Ely State Prison ("ESP") and Northern Nevada Correctional Center ("NNCC"). (Dkt. no. 22.) The Court allowed Plaintiff to proceed fully on sixteen (16) counts and to proceed in part on counts 3, 10, and 22. (Dkt. no. 44 at 21.) The Court dismissed with prejudice the following five (5) counts: 11, 12, 14, 17, and

---

[1] Plaintiff's motion states that he identifies some "errors and discrepancies" in the Screening Order. However, not all errors justify reconsideration. For example, Plaintiff claims that the Screening Order states that his "back" had been re-injured when it was his "jaw" that was re-injured. (Dkt. no. 135 at 1.) Plaintiff also requests that certain names be corrected but does not offer any information to show there was error in the Court's Screening Order.

20. (*Id.*) The Court dismissed claims against eight (8) defendants, including Sergeant Sabaskey, because the allegations against them are made in connection with dismissed claims, or because Plaintiff made no allegations against them in the amended complaint. (*Id.* at 20-21.)

Plaintiff argues that Sabaskey should not have been dismissed because his name appears on an emergency grievance and because Plaintiff's allegations in support of Count I are the same allegations raised in his initial complaint, where the Court permitted Sabaskey to be sued. (Dkt. no. 135 at 1.) The amended complaint alleges that "the sgt responded to an emergency grievance and ordered that [Plaintiff] be moved, Correctional Officer Rose didn't move me, left me in same cell." (Dkt. no. 22 at 6.) The emergency grievance form attached to the amended complaint had a circle over Sabaskey's signature, identifying Sabaskey as the sergeant who ordered Plaintiff to be moved to a different cell, but then failed to ensure the move was carried out. (Dkt. no. 7 at 4.) Plaintiff has offered a reason justifying reconsideration of the Screening Order. The Court agrees that Plaintiff has stated a claim in Count I against Sabaskey.

Next, Plaintiff argues that the Court erred in dismissing claims premised on interference with the grievance process.[2] The gist of Plaintiff's argument is that because he is required to exhaust his administrative remedies before pursuing legal actions, prison staff's obstructive conduct impeded his constitutional right to access the courts.[3] (Dkt. no. 135 at 3.)  However, "there is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (prison regulations that "place no substantive limitations on official discretion" do not create a liberty interest entitled to due process protection).

---

[2]Plaintiff identifies counts 10, 11, 12, 14, 17, 20, and 22. (Dkt. no. 135 at 3-9.)

[3]Plaintiff's allegations regarding interference with the grievance process include stealing Plaintiff's grievance documents (as alleged in count 10), improperly rejecting and failing to take action on his grievance (as alleged in count 11), returning grievances and refusing to provide Plaintiff with grievances (as alleged in count 12), and stealing Plaintiff's disciplinary appeal (as alleged in count 20). (Dkt. no. 22.)

1    Thus, because Plaintiff does not have a separate constitutional right for his grievance to

2    be processed in a certain way, the alleged interferences with Plaintiff's pursuit of his

3    grievances cannot serve as a basis for liability under § 1983 as pleaded in this action.[4]

4        If the prison conditions that Plaintiff seeks to grieve give rise to a constitutional

5    claim, then Plaintiff may bring a § 1983 action even if prison staff obstructed his

6    grievance. This is because the Prison Litigation Reform Act ("PLRA") requires an inmate

7    like Plaintiff to either exhaust his available administrative remedies; or, if remedies are

8    not available, an inmate does not need to exhaust them. *Albino v. Baca*, 747 F.3d 1162,

9    1171 (9th Cir. 2014) (en banc) ("The PLRA mandates that inmates exhaust all available

10   administrative remedies before filing 'any suit challenging prison conditions,' including,

11   but not limited to, suits under § 1983. An inmate is required to exhaust only *available*

12   remedies." (citation omitted)). In other words, Plaintiff must either (1) exhaust his

13   administrative remedies before bringing claims that prison conditions violate his

14   constitutional rights or (2) bring those claims if he can demonstrate that administrative

15   remedies were not available to him. Examples of unavailable remedies include remedies

16   that are screened by staff "for reasons inconsistent with or unsupported by applicable

17   regulations," *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010), and situations where

18   remedies were "ineffective, unobtainable, unduly prolonged, inadequate, or obviously

19   futile." *Albino,* 747 F.3d at 1172 (citation and internal quotation marks omitted). If

20   Plaintiff's grievances identify issues that raise constitutional violations, and if Plaintiff can

21   show that alleged staff obstruction made the grievance process unavailable, then

22   ///

23   _____

24        [4]The Court notes that inmates have constitutional rights related to the grievance
     process. For example, inmates have a well-established "First Amendment right to file

25   prison grievances," and retaliation for exercising that right "is itself a constitutional
     violation." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff, however, does

26   not allege that Defendants' obstructive conduct affects his constitutional rights; rather, he
     takes issue with the grievance process itself. In fact, the amended complaint does not

27   elaborate on the substance of these grievances, or suggest that the reason for the
     obstructive behavior is constitutionally problematic. Without such allegations, Plaintiff

28   cannot state a colorable § 1983 claim.

1   Plaintiff would not be foreclosed from accessing the courts. In that event, Plaintiff may

2   elect to file a new lawsuit to allege these claims.

3        Plaintiff further argues that the documents referenced in count 20 were not

4   returned. (Dkt. no. 135 at 8.) He claims that the amended complaint alleges that "'misc.'

5   documents were found/returned, aprox 5% of them, 95% stolen." (*Id.*) The amended

6   complaint, however, does not support Plaintiff's allegation. The amended complaint

7   alleges that "misc legal documents" were found and "they are returned." (Dkt. no. 22 at

8   48.) The Screening Order was based on allegations in the amended complaint and

9   Plaintiff has not demonstrated that the Court made clear error in dismissing count 20.

10       Finally, Plaintiff contends that the Court made a mistake in reading his

11  handwritten amended complaint with respect to the following defendants' names:

12  caseworker Meares is erroneously identified as Means and Dr. Marr is erroneously

13  identified as Dr. Mar. (Dkt. no. 135 at 2-3.) These defendants' names are correctly

14  identified in the case caption and other filings. Plaintiff also requests that the Court

15  change the name of Dr. King to Dr. Koehn. (*Id.* at 2.) The correction to this defendant's

16  name has since been made.  (Dkt. nos. 72 & 144.)

17       **D.      Request for Appointment of Counsel**

18       The Court declines to reconsider its decision to deny Plaintiff's request for

19  appointment of counsel. There is no constitutional right to appointed counsel in a § 1983

20  action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in*

21  *pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28

22  U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an

23  attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may

24  request an attorney to represent any person unable to afford counsel."); *see, e.g.*,

25  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not

26  give the court the authority to compel an attorney to accept appointment," such that

27  counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist.*

28  *of Iowa*, 490 U.S. 296, 310 (1989). Furthermore, while the decision to request counsel

1    lies within the discretion of the district court, the court may exercise this discretion to

2    request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d

3    1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an

4    evaluation of both the likelihood of success on the merits and [the plaintiff's ability to]

5    articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

6    (*quoting Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

7         The Court finds that no exceptional circumstances warrant requesting a private

8    attorney to voluntarily represent Plaintiff in this matter. Again, the claims and issues are

9    not overly complex. Plaintiff has been able to articulate his claims, as evidenced by the

10   amended complaint and his filings in this case. Although Plaintiff states in his many

11   filings that he does not understand the Court's rulings, the Court finds that Plaintiff is

12   able to explain his objections. The challenge presented here is not Plaintiff's ability to

13   articulate his claims; it is Plaintiff's apparent refusal to comply with the Court's order to

14   refrain from filing motions raising issues unrelated to the claims and defendants in this

15   case. This is not a valid reason for appointment of counsel. Plaintiff's request for

16   appointment of counsel is therefore denied.

17        **E.    Conclusion**

18        It is ordered that Plaintiff's motion for reconsideration (dkt. no. 135) is granted in

19   part and denied in part. Plaintiff's motion is granted with respect to his allegations

20   against Sabaskey. Plaintiff may proceed against defendant Sabaskey in count 1.

21   Plaintiff's motion is denied in all other respects.

22        The Clerk is ordered to vacate the part of the Screening Order relating to

23   dismissal of Sabaskey.

24        The Attorney General shall advise the court within twenty-one (21) days from the

25   date that this order is entered whether service of process for Sabasey is accepted.  If the

26   Attorney General accepts service of process, Sabaskey shall file and serve an answer or

27   other response to the complaint within thirty (30) days of the date of the notice of

28   acceptance of service. If service cannot be accepted, then plaintiff will need to file a

1   motion identifying the unserved defendant, requesting the issuance of a summons, and

2   specifying a full name and address for said defendant. Pursuant to Rule 4(m) of the

3   Federal Rules of Civil Procedure, service must be accomplished within one hundred

4   twenty (120) days from the date of this order.

5   **II.    Dkt. no. 184: MOTION FOR APPOINTMENT OF COUNSEL**

6       Plaintiff's separately filed motion for appointment of counsel (dkt. no. 184) is

7   denied for the reasons discussed above.

8   **III.   Dkt. nos. 143, 175, & 294: OBJECTIONS TO DEFENDANTS' REQUESTS FOR
        EXTENSION**

9

10      Plaintiff has filed three separate objections to the Magistrate Judge's decision to

11  grant Defendants' requests for extension of time. (Dkt. nos. 143, 175, & 294.) Plaintiff

12  objects to the granting of Defendants' first request for a forty-five day extension of the

13  dispositive motion deadline (dkt. no. 138), contending that this Court had already ruled

14  on Defendants' extension request during the December 3, 2013, hearing.[5] (Dkt. no. 43.)

15  In his objection to the Magistrate Judge's decision to grant Defendants' second request

16  to extend the same deadline by an additional ten (10) days (dkt. no. 175), Plaintiff

17  argues that granting the extension gave Defendants favorable treatment. (Dkt. no. 175.)

18  In his more recent objection (dkt no. 294), Plaintiff challenges the Magistrate Judge's

19  decision to grant extension requests without giving him the opportunity to respond.

20      The Court disagrees. First and foremost, Defendants did not request an extension

21  of the dispositive motion deadline and the Court did not address that deadline during the

22  December 3, 2013, hearing. The Court did address the need to amend certain deadlines

23  in the event Plaintiff's motion for reconsideration — which the Court allowed Plaintiff to

24  re-file — was granted. Second, the Court has inherent authority to control its docket.

25  There is nothing unusual about the Court granting or denying extension requests without

26  waiting for a response, particularly where, as here, Defendants have demonstrated good

27  _____

28      [5]Plaintiff incorrectly states that the hearing was held on December 2, 2013.

cause to support their requests. Plaintiff's objections (dkt. nos. 143, 175, & 294) are overruled.

## IV. Dkt. no. 152: MOTION FOR HEARING AND/OR SUSPEND ANY/ALL RULINGS BY MAGISTRATE JUDGE

As the Court noted in its Order entered on December 17, 2013, the proper procedure for raising any complaints of any judicial misconduct is to file a complaint with the Ninth Circuit Clerk. (Dkt. no. 147.) The Court refers Plaintiff to the complaint form and Guidelines for Judicial Misconduct or Disability Complaints previously attached to the Court's Order. (*Id.*) Plaintiff's motion (dkt. no. 152) is denied.

## V. Dkt. no. 180: OBJECTION TO MAGISTRATE JUDGE'S RULINGS

Plaintiff contends he objects to the Magistrate Judge's rulings made during a telephone hearing on January 28, 2014. (Dkt. no. 180.) Plaintiff included a list of issues that he requested this Court to address in a telephone hearing. But Plaintiff's objection does not adequately inform the Court of the Magistrate Judge's ruling to which he objects and the basis for his objection. Moreover, Plaintiff has raised issues identified in this objection in other filings that the Court has either addressed or will be addressing in this Order. Plaintiff's objection (dkt. no. 180) is overruled.

## VI. Dkt. No. 198: OBJECTION TO ORDER (Dkt. No. 189)

Plaintiff objects to the Magistrate Judge's Order denying his motion for emergency relief. (Dkt. no. 198.) In his objection, Plaintiff claims he does not understand how to respond to the Magistrate Judge's Order because the Order is "way too complex and difficult." (*Id.* at 1.) Plaintiff goes on to argue, in part, why his allegations are related to this case and why the Magistrate Judge should have addressed them. The Court has reviewed Plaintiff's emergency motion, the Magistrate Judge's Order, and Plaintiff's objection. The Court agrees with the Magistrate Judge.  Plaintiff's objection (dkt. no. 198) is overruled.

///

///

**VII.    Dkt. nos. 207, 255, 259, 262, 264, 312, 331, & 332: REPORT AND RECOMMENDATION ("R&R")**

The Court will next address the Magistrate Judge's recommendations relating to nine (9) motions for injunctive relief.

In the R&R entered on February 28, 2014, the Magistrate Judge recommended that Plaintiff's emergency motion for injunctive relief (dkt. no. 97) and motion for a discussion and hearing (dkt. no. 98) be denied.[6] (Dkt. no. 207.) The Magistrate Judge found that Plaintiff has continued to raise issues that are not part of the claims in this case in his motions for injunctive relief. In his objection, Plaintiff argues that he can demonstrate a likelihood of success on the merits and list the irreparable harm he has suffered. (Dkt. no. 214.) However, Plaintiff ignores the basis of the Magistrate Judge's ruling — the issues raised in Plaintiff's two motions (dkt. nos. 97 & 98) are not related to the claims in this case. While Plaintiff may have sustained harm, his recourse is to exhaust his administrative remedies and then to file a new lawsuit if necessary, or, if those remedies are not available, to file a new lawsuit. This point has been relayed to Plaintiff multiple times. It appears to the Court that Plaintiff simply disagrees with the Court's rulings and continues to raise these unrelated issues. After a careful review of Plaintiff's motions, the Court agrees with, and therefore adopts, the Magistrate Judge's recommendations regarding dkt. nos. 97 and 98.

In the following R&Rs, the Magistrate Judge recommended that the Court deny Plaintiff's motions for injunctive relief because they raise issues unrelated to the claims in this case: dkt. nos. 255, 259, 262 & 264. The Court has reviewed these R&Rs, Plaintiff's motions (dkt. nos. 231, 227, 237 & 256), and Plaintiff's objections (dkt. nos. 268 & 282). The Court agrees with the Magistrate Judge's recommendations.

---

[6]The latter motion (dkt. no. 98) identifies defendants' alleged conduct, including theft of Plaintiff's legal documents, damages to Plaintiff's legal boxes, and interference with the grievance process, and requests the Court to hold Defendants criminally liable. The Magistrate Judge construes this motion as seeking injunctive relief.

1    Furthermore, in the R&R issued on June 26, 2014, the Magistrate Judge

2  recommended denial of Plaintiff's emergency motion (dkt. no. 311) because the issues

3  Plaintiff raised are not part of the claims in this lawsuit. (Dkt. no. 312.) In his objection,

4  Plaintiff argues that if Defendants were allowed to harm him mortally, Plaintiff would not

5  be able to prosecute this action. (Dkt. no. 324.) Plaintiff's filings have not substantiated

6  his claim of such harm. Moreover, Plaintiff cannot rely on such allegations to expand the

7  scope of this action beyond the counts that survived screening. The Court has

8  jurisdiction only to consider claims that Plaintiff is allowed to pursue, not claims that may

9  arise after he initiated this action.

10    Finally, on June 30, 2014, the Magistrate Judge issued two R&Rs regarding

11  Plaintiff's two other motions for injunctive relief. (Dkt. nos. 331 & 332.) In both R&Rs, the

12  Magistrate Judge recommends that the Court deny Plaintiff's motions requesting a

13  hearing and for injunctive relief (dkt. nos. 290 & 326) because the motions raise issues

14  unrelated to the claims in this case.[7] (Dkt. nos. 331 & 332.) The Court has reviewed the

15  R&Rs (dkt. nos. 331 & 332), and Plaintiff's motions (dkt. no. 290 & 326) and objections

16  (dkt. no. 335), and agrees with the Magistrate Judge.

17    It is therefore ordered that the Magistrate Judge's Reports and Recommendations

18  (dkt. nos. 207, 255, 259, 262, 264, 312, 331 & 332) are accepted and adopted. Plaintiff's

19  motions for injunctive relief and hearings (dkt. nos. 97, 98, 311, 231, 227, 237 256, 290

20  & 326) are denied. Plaintiff's objections (dkt. nos. 214, 324, 268, 282 & 335) are

21  overruled.

22  **VIII.   Dkt. nos. 194 & 203:  MOTIONS FOR MANDAMUS**

23    The Magistrate Judge recommends that the Court deny Plaintiff's two motions for

24  mandamus. (Dkt. nos. 265 & 258.) In both R&Rs, the Magistrate Judge found that some

25  allegations raised new claims that are not part of this lawsuit. The May 12, 2014, R&R

26  _____

27    [7]Plaintiff refers to his second motion as "Emergency Attempt on life by Def
(Again!)." (Dkt. no. 326.) The Magistrate Judge properly construes this motion as a
28  request for injunctive relief.

also found that Plaintiff's allegations relating to the denial of his request for copying raise concerns that warrant further inquiry.[8] (Dkt. no. 258 at 7.) In the same R&R, the Magistrate Judge recommended denying Plaintiff's motion, but separately addressed Plaintiff's claim that he was denied access to the grievance documentation he needed to respond to Defendants' pending dispositive motion. (Dkt. no. 265 at 4-5.) In his objections, Plaintiff indicates that he does not understand the Magistrate Judge's decision or reasoning and believes the allegations are related to the claims in this case, including claims that the Court has dismissed. (Dkt. no. 282.) The Court has reviewed Plaintiff's motions (dkt. nos. 194 & 203), the R&Rs (dkt. nos. 265 & 258), and Plaintiff's objection (dkt. no. 282), and agrees with the Magistrate Judge's recommendations. The Court therefore accepts and adopts the R&Rs in full. Plaintiff's motions for mandamus (dkt. nos. 194 & 203) are denied.

## IX.    Dkt. Nos. 250, 342 & 365: MOTIONS FOR HEARING AND FOR DUE PROCESS

Plaintiff requests a status conference with the Court to address the motion for reconsideration (dkt. no. 135) that the Court granted him leave to file and the countless motions and objections he has filed in this case. (Dkt. nos. 250, 342 & 365.) Because this Order addresses a majority of the pending motions that are fully briefed, Plaintiff's motions (dkt. nos. 250, 342 & 365) are denied as moot.

## X.    CONCLUSION

This Order resolves nine (9) motions for injunctive relief. The Magistrate Judge recently issued an R&R recommending denial of Plaintiff's remaining motion for injunctive relief (dkt. no. 221). (Dkt. no. 370.) Thus, since the Court's hearing on December 3, 2013, Plaintiff has filed a total of ten (10) motions seeking injunctive relief on allegations that are not related to the claims or defendants in this case. Plaintiff is

---

[8]After inquiring into this issue, the Magistrate Judge issued a decision to which Plaintiff objected. The Court will address Plaintiff's objection in another order.

reminded that any further failure to comply with the Court's Interim Case Management Order (dkt no. 176) by filing requests for injunctive relief that are unrelated to the claims and defendants in this case may subject him to sanctions, including dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

As this Court reminded Plaintiff during the December 3, 2013, hearing, both this Court and the Magistrate Judge have an extensive case load. Plaintiff only creates further delays by filing repeated motions for the same relief instead of waiting for a ruling on his previously filed motion. Similarly, Plaintiff's practice of filing motions to assert claims that are unrelated to the counts that survive screening will not result in the speedy resolution of Plaintiff's case. Moreover, absent exceptional circumstances, the Court reviews motions filed in chronological order and will schedule a hearing as the Court deems necessary.

DATED THIS 17th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE