UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GREG COX, *et al.,*<br>　　　　Defendants. | 3:12-cv-00534-LRH-WGC<br><br>**MINUTES OF PROCEEDINGS**<br><br>January 8, 2015 |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>Katie Lynn Ogden</u>　　REPORTER:  <u>　　　　FTR　　　　</u>

COUNSEL FOR PLAINTIFF:  <u>Kenneth Hatlen, In Pro Per (Telephonically)</u>

COUNSEL FOR DEFENDANTS:  <u>Micheline Fairbank, Esq.</u>

**MINUTES OF PROCEEDINGS:  Motion Hearing**

10:01 a.m. Court convenes.

**I.**　　**Plaintiff's "Emergency Suppliment to Emer Notice of Oct. 24, 14" (Doc. # 407)**

　　　The court first addresses Plaintiff's assertions of retaliation contained in his filing entitled "Emergency Suppliment to Emer Notice of Oct. 24, 14" (Doc. # 407, ¶ 2).  Defendants filed a response (Doc. # 429) to Plaintiff's notice pursuant to the court's directive at a hearing held before District Judge Du on December 1, 2014.  (Doc. # 410).  Defendants' response contains two audio CD's from two separate disciplinary hearings which were produced to the court and also to the Plaintiff at the Warden's office at Ely State Prison ("ESP") for review.[1]

　　　Mr. Hatlen indicates he was not afforded the opportunity to make notes during his review of the audio recordings from the disciplinary hearings.  Furthermore, Plaintiff states he could not adequately hear the audio recordings due to distractions created by the correctional officers present during his review.

　　　Plaintiff's objections are noted; however, the court proceeds to address Mr. Hatlen's

---

[1] A copy of the CD was provided to the office of the Warden and Plaintiff was advised to submit a kite requesting to listen to the audio recordings.

1

Minutes of Proceedings
3:12-CV-00534-MMD-WGC
January 8, 2015

notice and explains the court will be considering the assertions submitted within his initial written notice to the court (Doc. # 407).  Mr. Hatlen is advised he has the opportunity to object to the court's decisions from today's hearing if he so wishes.

      For the record, Mr. Hatlen is sworn in by the deputy clerk.

      The court and parties discuss Plaintiff's assertions of retaliation relating to two disciplinary proceedings conducted with respect to Mr. Hatlen by Nevada Department of Corrections ("NDOC") Lieutenant Michael Pugh.  Plaintiff argues Defendants, specifically High Desert State Prison ("HDSP") Warden Neven, acted in concert with Lt. Pugh to pursue disciplinary proceedings which Plaintiff claims were acts of retaliation.

      Defendants' counsel argues Plaintiff's contentions are unrelated to the instant case before this court and are also unrelated to issues of exhaustion presented by Defendants' Motion for Summary Judgement ("MSJ").  (Doc. ## 177, 358, 411).

      The court address the parties it has reviewed the two CD's and is aware of Plaintiff's allegations stated in his written notice.  However, although not ruling on the issue of retaliation, the court does not find evidence of retaliation based on the audio recordings of the disciplinary hearings.  The court determines the charges and evidence of retaliation are insufficient to cause this court to interrupt, delay or defer any of the proceedings in this matter.  The court advises the Plaintiff he may grieve the issue with NDOC and further pursue an appropriate civil rights claim if he so wishes.

II.     **Plaintiff's "Request from Courts" (Doc. # 418) and "Requests to Courts" (Doc. # 420)**

      The court and parties address Plaintiff's objections to the scheduled deadline for Plaintiff to respond to Defendants' MSJ.  (Doc. ## 177, 358, 411).

      Plaintiff argues he cannot adequately respond to Defendants' MSJ because without the opportunity to review all of his grievances, as he contends he has not been afforded to, he is not able to identify those which are relevant to the claims in this case.  Furthermore, Plaintiff states the grievance history index provided by the Defendants (Doc. # 431) does not provide sufficient information to identify the relevant grievances.  Finally, Plaintiff claims the index does not show which grievances were commenced but incomplete due to his being "frustrated" by Defendants from completing them.

      Defendants' counsel states that in Doc. ## 358 and 359, pursuant to an order of this court,

Minutes of Proceedings
3:12-CV-00534-MMD-WGC
January 8, 2015

the Office of the Attorney General ("AG Office) provided Plaintiff a complete copy of all his grievances (some 800 +/- pages) which were fully exhausted prior to the commencement of his action on 12/7/2012 (Doc. # 22).  Ms. Fairbank indicates the grievances are not necessarily those which apply to Plaintiff's civil rights action but instead encompass all grievances Plaintiff completed before his amended civil rights complaint was filed.  Ms. Fairbank also makes references to the complete grievance index (417 pages) of all of his grievances which has been filed to date (Doc. # 431).

      The court finds the grievances which Defendants have produced (Doc. ## 358, 359) coupled with the grievance index log (Doc. # 431) should provide Plaintiff sufficient information to identify which additional grievance documents, if any, should be produced.[2]  These previously produced materials coupled with the exhibits accompanying Defendants' MSJ should provide Plaintiff a sufficient factual basis to respond to Defendants' motion.

      The court notes at a previous hearing held on December 1, 2014, District Judge Du established a briefing scheduling as the Defendants' Motion for Summary Judgment (Doc. ## 177, 358, 411).  Judge Du indicated the court would not grant any further extensions, barring "exceptional circumstances" (Doc. # 410).  Therefore, this court is controlled by the deadlines set forth by District Judge Du.

      In light of the court's findings and discussion regarding Plaintiff's grievances, Plaintiff is directed to provide Warden Baker a list of the grievances for which he wants copies to be made.[3]  Plaintiff shall provide this list no later than noon on **Monday, 1/12/2015**.

      The Defendants shall provide copies of the identified grievances no later than **Tuesday, 1/20/2015**.  The court recognizes the Defendants may have some logistical issues securing copies of grievances from various institutions in view of the grievances being maintain at the NDOC institution where events commenced and not where the inmate is currently housed.  However, the Defendants already had to undertake that effort when previously producing copies of Plaintiff's

---

[2] Any additional grievance documents would be those grievances which were commenced <u>before</u> Plaintiff filed his amended complaint (Doc. # 22, 12/7/2012).  Grievances filed <u>after</u> that date would not be relevant to whether Plaintiff exhausted the NDOC grievance procedures before commencing his action, or grievances timely commenced (pre-12/7/2012) for which Plaintiff claims he was "frustrated" by Defendants in completing.

[3] Defendants' offer to copy 200 pages of grievances at no expense to Plaintiff shall be required.  If the number of pages of copy work exceed the 200 page limit, the Plaintiff will have to pay for copies of such materials.  However, if Plaintiff is successful in demonstrating grievance exhaustion was "frustrated" by Defendants, such that Defendants' exhaustion motion (Doc. ## 177, 358, 411) is denied, the court will consider a motion to re-assess the copying charges.

Minutes of Proceedings
3:12-CV-00534-MMD-WGC
January 8, 2015

pre-12/7/12 grievances. (Doc. ## 358, 359). Presumably, therefore, Defendants can complete the logistical requirements of duplicating any additional copies of pre-12/7/12 grievances not included within Doc. ## 358, 359. The Defendants will not be required at this time to produce any post-12/7/12 grievances.

The court reminds the parties, in view of the deadlines imposed by the court relative to MSJ deadline, the court has little leeway –absent "exceptional circumstances"– to grant any extensions of these deadlines.

Plaintiff's "Request from Courts" (Doc. # 418) and "Requests to Court" (Doc. # 420), interpreted as requests to have access to original grievance files, are **DENIED**.

### III.  Plaintiff's "Notice/Request to Courts" (Doc. # 427) and "Request for Assistance from Court" (Doc. # 433)

The court addresses Plaintiff's allegations that the Defendants allegedly continue to "steal" his documents. Plaintiff contends that without the alleged stolen documents he cannot adequately respond to Defendants' MSJ. Plaintiff seeks an additional four to six month continuance of current deadlines, including the deadline Judge Du imposed for Plaintiff to respond to Defendants' MSJ.

After hearing argument from Plaintiff, the court finds the documents Mr. Hatlen alleges have been stolen from him, even if such occurred, are unrelated to the Defendants' MSJ. The court again emphasizes the deadlines imposed by District Judge Du and explains the court needs to move the exhaustion motion to resolution. The court notes it has yet to even undertake consideration of any substantive issues raised by Plaintiff's complaint. Therefore, insofar Plaintiff's Notice/Request to Courts (Doc. # 427) and Request for Assistance from Court (Doc. # 433) seeks an extension of time to file a response to Defendants' MSJ, the request is **DENIED**. As with Plaintiff's contention he was "retaliated against" (Doc. # 407), Plaintiff may grieve his contention with the NDOC and if appropriate attempt to pursue a civil rights action.

### IV.  Plaintiff's "Request from Courts" (Doc. # 425), Plaintiff's "Supplement to Dec. 17, 14 Request from Courts" (Doc. # 432) and "Plaintiff's Request to Court Supplement to Dec 17, 14 Request to Courts" (Doc. # 434)

Plaintiff contends he is being unreasonably denied the ability to acquire legal supplies from the ESP canteen although he has funds to do so and is willing to pay for the legal supplies he has ordered.

4

Minutes of Proceedings
3:12-CV-00534-MMD-WGC
January 8, 2015

      Defendants' counsel explains Plaintiff has been able to obtain various legal supplies during the month of December.  Referring to Defendants' response to Plaintiff's requests (Doc. # 435) and ESP Associate Warden Byrne's declaration (Doc. # 435-1), Ms. Fairbank states inmates may procure legal supplies from the canteen if they are available and if production would not detriment other prisoners from making similar requests.  The court notes ¶ 16 of Warden Byrne's declaration states that supplies were available during December; however, Warden Byrne does not state that filing Plaintiff's order would detriment other inmates' requests and that Plaintiff's requests for supplies were denied for that reason.

      Nevertheless, the court questions whether it has the jurisdiction in this case to order the ESP canteen to sell legal supplies to inmates, specifically Plaintiff.  However, the court expresses concern that if the ESP canteen cannot fulfill Plaintiff's orders for legal supplies without detriment to other inmates, then a possibility might arise that Plaintiff could contend that he cannot adequately address Defendants' arguments in their MSJ.

      In view of the court's concern relating to jurisdiction of this specific topic, Plaintiff's "Request from Courts" (Doc. # 425) and the additional supplements (Doc. ## 432, 434) are **DENIED without prejudice**.  The court recommends counsel for Defendants consult with officials at the ESP canteen regarding supplying Plaintiff's requisitions insofar it is within their ability to do so.

**V.**    **Deadlines**

      As set forth by District Judge Du Plaintiff's response to Defendants' Motion for Summary Judgment (Doc. ## 177, 358, 411) is due no later than **Monday, 2/9/2015**.  Defendants' reply to Plaintiff's response is due no later than thirty (30) days after the date of service of Plaintiff's response.

**VI.**    **Objection to Magistrate Judge's Orders**

      The parties should be aware of the following:

      1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

/
/

Minutes of Proceedings
3:12-CV-00534-MMD-WGC
January 8, 2015

    2.  That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

11:58 a.m.  Court adjourns.

                                  LANCE S. WILSON, CLERK
                                  By:              /s/
                                        Katie Lynn Ogden, Deputy Clerk