UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KENNETH HATLEN,

Plaintiff,

v.

GREG COX, et al.,

Defendants.

Case No. 3:12-cv-00534-MMD-WGC

ORDER

This Order addresses one pending motion and a number of objections to Magistrate Judge William G. Cobb's rulings. The relevant facts and procedural history are summarized in the Court's previous Orders.

## I. STANDARD OF REVIEW

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). 28 U.S.C. § 636(b)(1)(A) "would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." Gomez v. United States, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United*

*States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. MOTION FOR INJUNCTIVE RELIEF (Dkt. no. 221) & R&R (Dkt. no. 370)

Plaintiff filed a motion for preliminary injunction entitled "Motion for Injunction Notification of Criminal Misconduct, Life-Threatening Danger by Defendant."[1] (Dkt. no. 221.) The Magistrate Judge issued an Order recommending that Plaintiff's motion be denied ("R&R"). (Dkt. no. 370.) Plaintiff has filed an objection (dkt. no. 390); Defendants have filed a response (dkt. no. 395); and Plaintiff filed a reply (dkt. no. 398).

The Magistrate Judge determined that Plaintiff failed to meet the standards for obtaining injunctive relief set forth in *Winter v. Natural Res. Def. Council,* 555 U.S. 7 (2008), and the requested injunctive relief does not relate to the claims asserted in this action. Plaintiff asserts the familiar response that he does not understand the Magistrate Judge's ruling and does not have all the necessary documents to respond. The Court agrees with the Magistrate Judge and adopts the R&R (dkt. no. 370) in full. Plaintiff's motion for injunctive relief (dkt. no. 221) is denied.

## III. OBJECTIONS (Dkt. nos. 352, 367, 373)

Plaintiff objects to the Magistrate Judge's Orders addressing (1) Plaintiff's claim that certain documents were stolen and (2) Plaintiff's multiple requests and "notices" for extension of time to respond to Defendants' motion for summary judgment, claiming that Defendants have stolen his documents. (Dkt. nos. 343, 361, 371 (collectively referred to as "Objections").) The Court addressed these issues at the December 1, 2014, hearing and found that the Magistrate Judge did not make a clear error in addressing Plaintiff's

[1]Plaintiff filed at least 9 other motions making similar requests for injunctive relief. (Dkt. no. 374.)

motions. (Dkt. no. 410.) Despite this finding, the Court directed Defendants' counsel to provide Plaintiff with another copy of Defendants' motion for summary judgment and supplemental documents, and extended the deadline for Plaintiff to respond. The Minute Order (dkt. no. 410) should have reflected that Plaintiffs' Objections were overruled. It is therefore ordered that Plaintiff's Objections (dkt. nos. 352, 367, 373) are overruled.

## IV. OBJECTION TO JUDGE COBB'S ORDER (Dkt. no. 449)[2]

Plaintiff's objection addresses Judge Cobb's Order issued after a hearing on a number of "notices" and "requests" for assistance from the Court.[3] (Dkt. no.449.) Plaintiff rehashed his arguments relating to his ability to respond to Defendants' motion for summary judgment. The Court does not find that the Magistrate Judge made any clear errors in his rulings. In fact, the Court agrees with the Magistrate Judge's findings.

In addition, Plaintiff's objection raises an issue that the Court had referred to the Magistrate Judge. At the December 1, 2014, hearing, the Court was concerned about a claim in one of Plaintiff's "notices" of alleged retaliatory comments made against Plaintiff for filing this action at recorded disciplinary hearings against (dkt. no. 407) and directed Defendants to respond. (Dkt. no. 410.) The Magistrate Judge heard argument on this claim and determined that (1) while he was not ruling on the issue of retaliation, he does not find evidence of retaliation, having heard the audio recordings of the disciplinary hearings, and (2) the evidence of retaliation is insufficient to disrupt or delay this case when the claim of retaliation is related to the issues before this Court.[4] (Dkt. no. 436 at 1-2.) Plaintiff argues that it was unfair for Defendants and the Magistrate Judge to listen to the recordings whereas Plaintiff did not have the same opportunity. However, it was Plaintiff who raised the retaliation claim based on what he alleges to have occurred at

---

[2]Judge Cobb's Order is filed as docket number 436.

[3]Plaintiff had been admonished numerous times to refrain from filing "notices" to the Court.

[4]Plaintiff has also been admonished numerous times that he cannot raise issues unrelated to the claims in this case.

the disciplinary hearings. He does claim that the Magistrate Judge made any error in his findings that the recordings do not support his claim of retaliation. Moreover, the retaliation allegations do not relate to any claims in this case.

For the above reasons, Plaintiff's objection (dkt. no. 449) is overruled.

DATED THIS 19th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE