# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH HATLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GREG COX, et al., ) <br> ) <br> Defendants. ) <br> _____) | 3:12-cv-00534-MMD-WGC <br><br> **ORDER** <br><br> **re:  Docs. # 469 and # 475** |

Before the court are two motions filed by Plaintiff seeking a $73.00 refund. (Docs. # 469 and # 475.)[1] No response has been filed to either motion.

In Doc. # 469, Plaintiff states "3:11-01117 'was' initially this case 3:12-cv-00534... I paid $73.00 and it was supposed to be refunded." (*Id.*)  In Doc. # 475, Plaintiff states "'This' case '534' was previously assigned case # 3:11-cv-01117 and before it was refiled a balance of $73.00 was paid and was to be returned to this plaintiff." (*Id.*)[2]

The court has searched for the 3:11-01117 case which plaintiff states he filed. No such case number exists in the unofficial northern division of the District of Nevada. Plaintiff's earlier case was actually filed by Plaintiff in the unofficial southern division of the District of Nevada as case number 2:11-cv-01117. In that matter, the record reflects that after Plaintiff was granted *in forma pauperis* status (Doc. # 4), Plaintiff moved to amend his complaint by way of a supplement (Doc. # 8). District Judge

---

[1] Refers to court's docket number.

[2] The court notes that none of the defendants who were named in Plaintiff's 2:11-cv-01117 case are named as defendants in the instant matter, 3:12-cv-00534-MMD-WGC.

Kent J. Dawson denied the motion to amend "by way of a supplement" and directed Plaintiff to file an amended complaint which was complete within itself. (Doc. # 10.) When the court's order (#10) was returned to the court as undeliverable, Judge Dawson on September 14, 2011, dismissed the case with prejudice for failure of plaintiff to comply with the rules and orders of the court, stating:

> Plaintiff, who is obligated to maintain a current address with the Clerk of the Court, LSR 2-2, has failed to advised the Court or the Clerk of his new address. Moreover, the previously submitted complaint fails to state a claim upon which relief may be granted, as it does not provide a plain statement of plaintiff's allegations. Rather it simply includes a list of defendants and an attachment of grievances that plaintiff alleges he has submitted to personnel at the Clark County Detention Center.

(Doc. # 12, 2:11-cv-01117-KJD-CWH.)

The court has inquired as to Plaintiff's payments of his filing fee in case number 2:11-cv-01117. The record reflects that Plaintiff did, indeed, make a payment of $73.00 in this matter on October 26, 2011. However, as Hatlen recognized in his motion (Doc. # 475),[3] the $73.00 was the balance owing on his installment obligation in the 2:11-cv-01117 case.

The order granting Plaintiff *in forma pauperis* status in that matter stated that:

> [P]laintiff will be required to prepay an initial installment of $82.00, instead of having to prepay the full $350 filing fee for this action. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915.

(Doc. # 4, 2:11-cv-01117-KJD-CWH)

Plaintiff's motions seeking a refund (Docs. # 469 and # 475) are **DENIED**.

**IT IS SO ORDERED.**

DATED: September 2, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[3] "a balance of $73.00 was paid."

2