1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KENNETH HATLEN,

                              Plaintiff,

        v.

GREG COX, et al.,

                              Defendants.

Case No. 3:12-cv-00534-MMD-WGC

ORDER

        On December 17, 2015, the Court issued an Order addressing the remaining claims raised in Defendant's motion for summary judgment, which were not resolved at the September 29, 2015, hearing. (Dkt. no. 519.) The Court granted summary judgment with respect to counts 5 and 8 and denied summary judgment with respect to counts 1 and 3 of Plaintiff's amended complaint. (*Id.*) Because two claims remain for trial, the Court set the deadline for the parties to file a proposed joint pretrial order.[1] (Dkt. no. 520.)

        Plaintiff has continued to file motions asking for the Court to respond, provide assistance, and for intervention by the Chief Judge. (Dkt. nos. 525, 529, 530, 531.) It is apparent from these filings that Plaintiff has either not received the Court's December 17, 2015, Order, or that he simply ignored it. The Court will assume the former and

_____

        [1]As the Court explained in a subsequent minute order, LR 16-3 identifies the information that must appear in a proposed joint pretrial order, and 16-4 clarifies the form that the parties should utilize in preparing the proposed order. (Dkt. no. 522.)

accordingly directs the Clerk's Office staff to send Plaintiff a copy of the December 17, 2015 Order (dkt. no. 519).

Plaintiff's filing of two motions asking for a hearing by the Chief Judge and for investigation of the undersigned for judicial misconduct shows that he has ignored previous orders from this Court. The Court previously explained that all complaints of judicial misconduct must be filed with the Ninth Circuit Clerk. (Dkt. no. 147.) The Court provided Plaintiff with a copy of the complaint form and Guidelines for Judicial Misconduct, which are also available on the Ninth Circuit website.[2] To the extent Plaintiff disagrees with the Court's rulings, his remedy is to appeal these rulings at the final conclusion of this case.

Plaintiff is required to work with Defendants' counsel to submit a joint proposed pretrial order. The Court will set this case for trial on the remaining two claims (counts 1 and 3) upon the parties' filing of the joint proposed pretrial order. Moreover, the Court has referred this case to Magistrate Judge Cooke for settlement. (Dkt. no. 523.) The Court will not entertain any further motions relating to the issues addressed in the Court's previous orders.

It is therefore ordered that Plaintiff's pending motions for assistance and for intervention by the Chief Judge (dkt. nos. 525, 529, 530, 531) are denied.

DATED THIS 29th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

_____
[2] Another copy of the complaint form and the Guidelines are attached to this order.

2

Judicial Council of the Ninth Circuit

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 5 (below).  The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters.  The Ninth Circuit Judicial Council also adopted local misconduct rules.  The rules are available in federal court clerks' offices, on individual federal courts' Web sites, and on www.uscourts.gov, and www.ce9.uscourts.gov/misconduct/judicial_misconduct.html.

Your complaint (this form and the statement of facts) should be typewritten and must be legible.  Under the Ninth Circuit's local misconduct rules, you are required to file five copies of your misconduct complaint and exhibits, plus one copy for each additional judge if more than one subject judge is named in your complaint.  Enclose your complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court.  **Do not put the name of any judge on the envelope.**

**1.**     Name of Complainant: _____

          Contact Address: _____

          _____

          Daytime telephone:     ( ___ ) _____

**2.**     Name(s) of Judge(s): _____

          Court: _____

**3.**     Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

          [   ] Yes          [   ] No

          If "yes," give the following information about each lawsuit:

          Court: _____

          Case Number: _____

          Docket number of any appeal to the _____ Circuit: _____

          Are (were) you a party or lawyer in the lawsuit?

          [   ] Party          [   ] Lawyer          [   ] Neither

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

_____

_____

_____

**4.**     Have you filed any lawsuits against the judge?

[   ] Yes                    [   ] No

If "yes," give the following information about each such lawsuit:

Court:                    _____

Case Number:          _____

Present status of lawsuit:     _____

Name, address, and telephone number of your lawyer for the lawsuit against the judge:

_____

_____

_____

Court to which any appeal has been taken in the lawsuit against the judge:

_____

Docket number of the appeal:     _____

Present status of the appeal:     _____

**5.**     **Brief Statement of Facts.**  Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based.  Include what happened, when and where it happened, and any information that would help an investigator check the facts.  If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.  Local Rule 6.1(b) provides that your statement of facts must not be longer than five pages (five sides), or 1,200 words, whichever is less.

**You must provide objectively verifiable proof such as the names of witnesses or recorded documents or transcripts to support your allegations.**  Adverse rulings do not support misconduct allegations, as the appropriate forum for an argument that a judge erred is the appellate court.  Thus, you need not include copies of your filings in the underlying case or the judge's orders because even if a review of those documents is necessary, the documents are accessible via PACER.  Excess or irrelevant documentation will be returned to the complainant.

**6.      Acknowledgment, declaration and signature:**

**In the space provided below, please write the following statement: "I understand that even if I successfully prove that the judge engaged in misconduct or is disabled, this procedure cannot change the outcome of the underlying case." (If this statement is not written, your complaint will not be processed and will be returned to you.)**

_____

_____

_____


I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature)_____      (Date)_____



- Judges
- Court Statistics
- Judicial Vacancies
- Judicial Nominations
- Judicial Confirmations
- Judicial Misconduct
- Judgeship Opportunities
- Civil Jury Instructions
- Criminal Jury Instructions
- Pretrial Services
- Probation Services
- Employment
- Federal Judges Biographical Database
- Bankuptcy Appellate Panel

 Access Court Records Online

Judicial Misconduct or Disability          Judicial Misconduct or Disability          Orders
Complaint Form                             Complaint Rules

## Guidelines for Judicial Misconduct or Disability Complaints

Congress has created a procedure that permits any person to file a complaint in the courts about the behavior of federal judges—but not about the decisions federal judges make in deciding cases. Above is a link to the Judicial Conference of the United States' Judicial-Conduct Rules that explain what may be complained about, who may be complained about, where to file a complaint, and how the complaint will be processed. You must comply with these rules, or we may reject your complaint without considering your arguments.

Almost all complaints in recent years have been dismissed because they do not follow the law about such complaints. The law says that complaints about judges' decisions and complaints with no evidence to support them must be dismissed. If you are a litigant in a case and believe the judge made a wrong decision—even a very wrong decision—you may not use this procedure to complain about the decision. An attorney can explain the rights you have as a litigant to seek review of a judicial decision.

Please note the following to avoid the rejection or summary dismissal of your complaint:

- You must provide a certain number of copies with your complaint and with your petition for review. If your complaint is about a single judge, you must file five copies of (1) the complaint form, (2) the statement of facts, and (3) any documents submitted. If the complaint is about more than one judge, you must provide one extra copy for each additional judge. Ninth Circuit Local Rule 6.1(e). With a petition for review, you must file an original and fifteen copies of the petition, along with ten copies of the original complaint. Ninth Circuit Local Rule 18.1(b)
- You must either use the Ninth Circuit complaint form [link above], or shall identify all subject judge(s) on the first page of your complaint. Ninth Circuit Local Rule 6.1(a)
- You must submit a statement of facts in support of your claims that is no more five pages (five sides), or 1,200 words, whichever is less, unless the Chief Judge grants permission for additional pages. You must submit your complaint on standard 8.5x11 size paper. Ninth Circuit Local Rule 6.1(b)
-

You must write out the following acknowledgment on your complaint form or on the first page of your complaint: **"I understand that even if I successfully prove that the judge engaged in misconduct or is disabled, this procedure cannot change the outcome of the underlying case."** If you do not make this acknowledgment, your complaint will be returned to you.

- You must provide concrete proof to support your claims of misconduct. For example, we will dismiss your complaint if you try to argue that a judge was biased or disabled, but the only evidence you provide is the ruling against you or your guess about what went on in the judge's mind. No. 08-90172 (In re Complaint of Judicial Misconduct, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009)

- You may not request that the Chief Judge or Judicial Council take action in an underlying case. The Judicial Council only has power over administrative matters and is not a court. For example, you cannot use this misconduct procedure to request that the Chief Judge or the Judicial Council vacate an underlying order, force a judge to recuse himself, award damages, or grant any kind of relief that you would ask for from a court. No. 08-90066+ (In re Complaint of Judicial Misconduct, 567 F.3d 429 (9th Cir. Jud. Council 2009)

- Just because you file a misconduct complaint, a judge need not recuse or stay your case, nor will a new judge be assigned to your underlying case. No. 08-90026 (In re Complaint of Judicial Misconduct, 583 F.3d 599 (9th Cir. Jud. Council 2009)

- You can only file a misconduct complaint against federal judges. You cannot use this procedure to complain about court staff, opposing parties or opposing counsel. No. 08-90066+ (In re Complaint of Judicial Misconduct, 567 F.3d 429 (9th Cir. Jud. Council 2009)

- While you should describe your complaint as best as you can, there is no need to use abusive language. We review all complaints carefully, so do not feel that your complaint must stand out to get a close look. All do. Using abusive language simply risks that we may restrict your ability to file further complaints. No. 08-90149+ (In re Complaint of Judicial Misconduct, 583 F.3d 599 (9th Cir. Jud. Council 2009)

- You may be restricted from filing further misconduct complaints if you abuse this procedure. No. 07-89142 (In re Complaint of Judicial Misconduct, 552 F.3d 1146 (9th Cir. Jud. Council 2009))