1  ADAM PAUL LAXALT
Nevada Attorney General
2  FREDERICK J. PERDOMO
Senior Deputy Attorney General
3  Nevada Bar No. 10714
Bureau of Litigation
4  Public Safety Division
100 N. Carson Street
5  Carson City, NV  89701-4717
Tel:  (775) 684-1250
6  E-mail:  fperdomo@ag.nv.gov

7  *Attorneys for Defendants Kitekeiaho Afeaki,
James "Greg" Cox, Sheryl Foster,*
8  *Dr. David Mar, Eric Ortiz, Larry Rickmann, Kathryn Rose,*
*and Elizabeth "Lisa" Walsh*

9

10              **UNITED STATES DISTRICT COURT**

11                    **DISTRICT OF NEVADA**

12  KENNETH HATLEN,                          Case No.  3:12-cv-00534-MMD-WGC

13                 Plaintiff,        **STIPULATION AND ORDER FOR
                                      DISMISSAL WITH PREJUDICE**
14  vs.

15  GREG COX, et al.,

16                 Defendants.

17      Plaintiff, Kenneth Hatlen, pro se, and Defendants, James "Greg" Cox, et al., through

18  their counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Frederick J.

19  Perdomo, Senior Deputy Attorney General, hereby stipulate and agree, pursuant to FED. R. CIV.

20  P. 41 (a)(2), that the above-captioned action should be dismissed with prejudice by order of this

21  Court.

22

23

24

25

26

27

28

1        This Stipulation for Dismissal with Prejudice is executed as part of an out-of-court

2    settlement between the parties. (Exhibit A).  Pursuant to the terms of the Settlement Agreement

3    and Full and Final Release, each party will bear its own attorneys' fees and costs.

4

5    DATED this 29th day of April, 2016.      DATED this 29 day of April, 2016.

6    ADAM PAUL LAXALT
    Attorney General

7

8    By: _____      By: _____

9        FREDERICK J. PERDOMO        KENNETH HATLEN (#1074287)
    Senior Deputy Attorney General

10       Bureau of Litigation
    Public Safety Division          *Plaintiff Pro Se*

11   *Attorneys for Defendants*

12

13

14

15

16

17   **ORDER**

18       This matter comes before the Court on the parties' Stipulation for Dismissal with

19   Prejudice.  The Court has examined the Stipulation for Dismissal with Prejudice as agreed by

20   the parties hereinabove, good cause having been shown,

21       IT IS THEREFORE ORDERED that this cause of action is dismissed with prejudice

22   with each party bearing its own attorneys' fees and costs.

23   DATED this 9th day of May, 2016.

24

25

26   UNITED STATES DISTRICT JUDGE

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I certify I am an employee of the Office of the Attorney General, State of Nevada, and that on this ____ day of May, 2016, I caused to be deposited for mailing a true and correct copy of the foregoing **STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE**, to the following:

Kenneth Hatlen #1074287
Ely Conservation Camp
HC 10 Box 10813
Ely, NV 89301

An employee of the Office of
The Attorney General

# EXHIBIT A

# EXHIBIT A

Kenneth Hatlen v. Greg Cox, et al.
Case No.  3:12-cv-00534-MMD-WGC
(U.S. District Court, District of Nevada)

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

THIS  SETTLEMENT  AGREEMENT  AND  FULL  AND  FINAL  RELEASE
(hereinafter referred to as the "Agreement") is made and entered into as of the date this
Agreement is signed, by and among the NEVADA DEPARTMENT OF CORRECTIONS
"NDOC", on behalf of itself and all of its officers, directors, employees, former-
employees,  agents,  predecessors,  divisions,  correctional  facilities,  successors,
administrators, and assigns, including, but not limited to James "Greg" Cox, Elizabeth
"Lisa" Walsh, Kathryn Rose, Koree Kirkpatrick, Larry Rickmann, Kitekelaho Afeaki,
Sheryl Foster, Eric Ortiz, and David Mar, MD, and any other persons named in the
Complaint filed in U.S. District Court Case No. 3:12-cv-00534-MMD-WGC who are or
were NDOC employees "the NDOC", and Kenneth Hatlen "HATLEN".

I.     RECITALS

A.     At all times relevant hereto, James "Greg" Cox, Elizabeth "Lisa" Walsh,
Kathryn Rose, Koree Kirkpatrick, Larry Rickmann, Kitekelaho Afeaki, Sheryl Foster, Eric
Ortiz, and David Mar, MD are or were NDOC employees;

B.     At all times relevant hereto, HATLEN was an inmate incarcerated within
the NDOC system;

C.     This Agreement addresses and resolves disputes arising from and relating
to HATLEN's confinement within the NDOC in U.S. District Court Case No. 3:12-cv-
00534-MMD-WGC.  These disputes concerned, among other things, his conditions of
confinement at Northern Nevada Correctional Center "NNCC" and challenged those
conditions under 42 U.S.C § 1983 and the Eighth Amendment to the U.S. Constitution;

///

///

///

Settlement Agreement In the Matter of
Kenneth Hatlen v. Greg Cox, et al., Case No. 3:12-cv-00534-MMD-WGC
Page 2 of 7

D.    In reviewing the claims in the above-referenced case, the NDOC and all individually-named Defendants deny that the NDOC and its employees engaged in any culpable conduct.  The NDOC's legal position was at all times, and remains, that HATLEN's rights were not violated; and

E.    Without making any admission of liability on either part, and with there being no winner or loser of this case, the NDOC and HATLEN have reached a settlement ("Settlement") of their disputes and this litigation.  This written Agreement memorializes the Settlement terms reached by and between the NDOC and HATLEN.

II.    **SCOPE OF AGREEMENT**

A.    The scope of this Agreement covers all events of the disputes herein described, all persons described, and those events or occurrences complained of in the operative Civil Rights Complaint filed in U.S. District Court Case No. 3:12-cv-00534-MMD-WGC, the Court's Screening Order, and all subsequent pleadings filed in that litigation;

B.    The scope of this Agreement also covers all claims, disputes, causes of actions, and controversies arising from or relating to the disputes and the litigation, whether or not raised or asserted in the operative Civil Rights Complaint or other pleadings in U.S. District Court Case No. 3:12-cv-00534-MMD-WGC, and whether or not discovered to or known to HATLEN at the time of the Settlement, which includes any claims arising from the United States Constitution, the Nevada Constitution, federal statutory or administrative law, the Nevada Revised Statutes, and/or common law, and any religious or medical claims related to and any injuries sustained as a result of the allegations discussed in U.S. District Court Case No. 3:12-cv-00534-MMD-WGC;

C.    Thus, HATLEN forgoes any legal claims as against all named Defendants and potential Defendants, from the inception of his incarceration to the date noted on

Settlement Agreement in the Matter of
Kenneth Hatlen v. Greg Cox, et al., Case No. 3:12-cv-00534-MMD-WGC
Page 3 of 7

this Settlement, as they would relate to the allegations in U.S. District Court Case No. 3:12-cv-00534-MMD-WGC.

III.   **AGREEMENT**

In exchange for HATLEN's release of all pending legal claims against the NDOC and all named Defendants, the NDOC and HATLEN hereby agree to finally settle all claims, disputes, and controversies, arising from and relating to all disputes and litigation, pursuant to the following terms:

1.   Two payments shall be made to HATLEN'S Trust II Account, one in the amount of $500.00 from the NDOC and one in the amount of $1,250.00 from the State of Nevada Tort Claim Fund, for a total amount of $1,750.00;

2.   HATLEN agrees to stipulate to dismiss with prejudice U.S. District Court Case No. 3:12-cv-00534-MMD-WGC in its entirety, which hereby completely releases and forever discharges the NDOC and its past, present, or future officers, directors, attorneys, employees, divisions, predecessors, and successors in interest, administrators and assigns and all other persons, with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all liability relating to the disputes and the litigations and any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature, whatsoever, including, but not limited to, any and all claims arising from or relating to issues or claims arising from the disputes and those claims asserted, or which could have been asserted, in the litigation.

3.   HATLEN agrees to execute a stipulation to dismiss with prejudice U.S. District Court Case No. 3:12-cv-00534-MMD-WGC concurrently with execution of this Agreement. The fully executed stipulation to dismiss with prejudice U.S. District Court

///

Settlement Agreement in the Matter of
Kenneth Hatlen v. Greg Cox, et al., Case No. 3:12-cv-00534-MMD-WGC
Page 4 of 7

Case No. 3:12-cv-00534-MMD-WGC will be filed immediately after the last of the two payments described in Section III(1) are deposited into HATLEN'S Trust II Account.

IV.   **FUTURE JURISDICTION FOR ENFORMCEMENT ACTIONS – FORUM SELECTION**

In the event that either party feels that the opposing party is not living up to their end of the bargains contained herein, and wishes to institute an enforcement action, such an action must be filed in Nevada state district court as a contract action and in the venue where HATLEN is currently housed. Both parties understand that this provision acts as a forum selection clause, and Nevada rules of contract will apply to the enforcement action. Where state law is to be applied, this Agreement, or the relevant portions thereof, shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

V.   **WAIVER OF FEES AND COSTS**

The NDOC and HATLEN shall each bear their own attorney's fees and costs arising from U.S. District Court Case No. 3:12-cv-00534-MMD-WGC, including costs relating to copying, legal supplies and postage.

VI.   **COMPROMISE AND NO LIABILITY**

The parties agree that this Agreement is a complete compromise of matters involving disputed issues of law and fact relating to U.S. District Court Case No. 3:12-cv-00534-MMD-WGC, and they assume the risk that the facts or law may be otherwise than they believe. The parties understand and agree that this Settlement is a compromise of all disputed claims to date. The parties understand and agree that the consideration given by the NDOC in exchange for the release of all claims asserted by HATLEN, as set forth herein, is not to be construed and shall never at any time for any

///

Settlement Agreement in the Matter of
Kenneth Hatlen v. Greg Cox, et al., Case No. 3:12-cv-00534-MMD-WGC
Page 5 of 7

purpose be considered an admission of liability on the part of any party, by whom liability is expressly denied.

VII.    WAIVER

This is a full and final release applying to all known, unknown, anticipated, and unanticipated damages arising out of the aforesaid claims above identified in this Agreement. The parties hereby waive all rights or benefits with respect to the matters being released herein which they now have or in the future may have under the terms of any controlling legal authority that might hold that a general release does not extend to similar claims or claims that a plaintiff does not know or suspect to exist in its favor at the time of executing the release, which if known would have materially affected the decision to settle.

VIII.    WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

The signatories to this Agreement represent and warrant that no other person or entity has or had any interest in the claims, demands, obligations or causes of action referred to in this Agreement and that they have the sole right and exclusive authority to execute this Agreement and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement. The parties further represent that the persons signing this Agreement are fully authorized to do so on behalf of each party, respectively.

IX.    BINDING EFFECT UPON SUCCESSORS IN INTEREST

This Agreement shall be binding upon and inure to the benefit of the NDOC and HATLEN, and their respective successors and assigns.

X.    REPRESENTATION OF COMPREHENSION OF DOCUMENT

In entering into this Agreement, the NDOC acknowledges and represents that it has relied upon the legal advice of its attorneys, who are the attorneys of their own

Settlement Agreement In the Matter of
Kenneth Hatlen v. Greg Cox, et al., Case No. 3:12-cv-00534-MMD-WGC
Page 6 of 7

choice, and that the terms of this Agreement have been explained to them by their attorneys to their satisfaction, and that those terms are fully understood and voluntarily accepted by them. In entering into this Agreement, HATLEN acknowledges and represents that he represents himself in the above-referenced litigation and that in acting as his own attorney he has read the terms of this Agreement and that the terms are fully understood and voluntarily accepted by him.

## XI.   COMPLETENESS OF DOCUMENT

This Agreement contains the entire understanding between the parties with respect to the matters set forth herein, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed herein.

///

///

///

///

///

///

///

///

///

///

///

///

///

Settlement Agreement In the Matter of
Kenneth Hatlen v. Greg Cox, et al., Case No. 3:12-cv-00534-MMD-WGC
Page 7 of 7

XII.    SEVERABILITY

The NDOC and HATLEN agree that, in the event that any portion ("Offending Portion(s)") of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable for any reason whatsoever, then those Offending Portions shall be severed from this Agreement, as if they were never incorporated into this Agreement. The NDOC and HATLEN further agree that if any Offending Portions are so severed from this Agreement, then the remainder of the Agreement shall, nevertheless, survive and remain fully intact, valid, and enforceable.

THE NEVADA DEPARTMENT OF
CORRECTIONS

By:

KENNETH HATLEN #1074287                         HAROLD WICKHAM
Plaintiff                                        Warden
                                                 Warm Springs Correctional Center

DATED:   4/1/16                                  DATED:   4-1-16

APPROVED AS TO FORM AND CONTENT

ADAM PAUL LAXALT
Attorney General

FREDERICK J. PERDOMO
Senior Deputy Attorney General
Attorneys for Defendants

DATED:   4/1/16